NUMBER
13-04-469-CR

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

JUAN MARTINEZ,
III,                                                                        Appellant,

                                                             v.

THE STATE OF TEXAS,                                                                    Appellee.

 

 

                    On appeal from the 206th District
Court

                                        of
Hidalgo County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Hinojosa and Rodriguez

 

      Opinion by Chief
Justice Valdez

 








This is an appeal from an adjudication of guilt
following community supervision. 
Appellant, Juan Martinez, III, complains the trial court erred and
abused its discretion (1) by granting the State=s
motion to adjudicate guilt based on appellant=s
violation of his conditions of community supervision, (2) in failing to conduct
a separate punishment hearing, and (3) in not conducting a pre-sentence
investigation report after adjudicating him guilty and before assessing his
punishment.  We affirm the judgment. 

Factual Background

On May 17, 1994, appellant entered a plea of guilty
to the charge of felony theft pursuant to a plea bargain with the State.  Appellant then was granted deferred
adjudication and placed on community supervision for a period of ten
years.  As part of his community
supervision, appellant had to abide by certain conditions set out in the order.  Those conditions included condition AH-2,@ which ordered appellant to pay restitution in the
amount of $65,000, payable at a rate of $580 per month until fully paid, and
condition AJ,@ which ordered appellant to pay a monthly
supervision fee in the amount of $25 per month. 
Appellant failed to make full restitution payments and failed to pay the
monthly fee as ordered.  Thereafter, the
State filed a motion to adjudicate guilt, alleging that appellant had violated
these conditions of community supervision. 
      








The trial court, at a hearing on the motion to
adjudicate, heard evidence and found there was sufficient evidence to support
the State=s motion that appellant violated the aforementioned
conditions of community supervision.  The
trial court then adjudicated guilt.  A
pre-sentence investigation report (PSI) was not created or submitted, and there
was not a distinct and separate punishment phase of the hearing.  The trial court assessed punishment at
ten  years in the Institutional Division
of the Texas Department of Criminal Justice, suspended the sentence, and placed
appellant on community supervision for ten years subject to conditions, which
included continuing restitution in the amount of $45,374, payable in monthly
installments to the victim of the crime. 


Motion for Adjudication of
Guilt

We will first address appellant=s contention that the trial court erred in granting
the State=s motion to adjudicate guilt.  Before deciding the merits of this issue,
however, we must first determine whether we have jurisdiction to hear appellant=s argument.  

Inability to make court‑ordered payments is an
affirmative defense to revocation of community supervision.  Tex.
Code Crim. Proc Ann. art. 42.12, ' 21(c) (Vernon Supp. 2004-05).  When evidence that the probationer is unable
to pay fees, court costs, fines, or restitution is not refuted by the State and
the trial court revokes probation, it is an abuse of discretion.  Quisenberry v. State, 88 S.W.3d 745,
749 (Tex. App.BWaco 2002, pet. ref'd).








However, the Code of Criminal Procedure prohibits
direct appeal of the trial court's decision to adjudicate guilt.  Tex.
Code Crim. Proc Ann. art. 42.12, ' 5(b) (Vernon Supp. 2004-05).  In Connolly v. State, the court of
criminal appeals held that article 42.12, ' 5(b) prohibited review of a claim challenging the
sufficiency of the evidence in the adjudication process.  Connolly v. State, 983 S.W.2d 738, 741
(Tex. Crim. App. 1999).  The rule is that
Aa defendant placed on deferred adjudication has to
appeal issues relating to the original deferred adjudication proceeding when
deferred adjudication is first imposed.@  Daniels
v. State, 30 S.W.3d 407, 408 (Tex. Crim. App. 2000).  Even an alleged violation of the right to
counsel at an adjudication hearing is not directly appealable because the issue
pertains to the decision to adjudicate.  Phynes
v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992).  Therefore, although we would have
jurisdiction to address the sufficiency of the evidence issue if this were an
appeal from the revocation of ordinary community supervision (which is imposed
following adjudication), as in Quisenberry, we have no jurisdiction to
address it in the context of an appeal from adjudication of guilt.  Appellant=s first
issue is overruled. 

Separate Punishment Hearing

Appellant
contends that this case should be reversed and remanded for a new punishment
hearing because the trial court reversibly erred by not holding a separate
punishment hearing after adjudicating appellant=s guilt.[1] 
Appellant relies on Issa v. State, 826 S.W.2d 159, 161 (Tex.
Crim. App. 1992) (per curiam) for the proposition that the failure to hold a
separate hearing on the issue of punishment is reversible error, and this error
may be preserved in a motion for new trial. 
In Issa, the court of criminal appeals held that a criminal
defendant Ais entitled to a punishment hearing
after the adjudication of guilt, and the trial judge must allow the accused the
opportunity to present evidence.@  Id.


However, we observe that the court of
criminal appeals has taken the opportunity to distinguish  Issa on several occasions.  In Pearson v. State, 994 S.W.2d 176
(Tex. Crim. App. 1999) (en banc), the court of criminal appeals reaffirmed the Issa
decision but noted that Pearson, on his own behalf, had an ample
opportunity to testify, whereas Issa did not testify whatsoever.  Pearson, 994 S.W.2d at 178.  Further, the Pearson court remarked
that the trial court spoke directly to Pearson himself.  Id. 
The Pearson court declared:








Generally, a
criminal defendant must make a timely objection to preserve a complaint for
appellate review.  Our disposition in Issa
was based on the trial court=s denial of appellant=s requests to present evidence and then
in one proclamation revoking appellant=s probation, adjudicating his guilt, and
sentencing him.  Appellant had no opportunity
to object until after the trial court=s action was taken, and appellant was
therefore improperly sentenced without being given an opportunity to present
evidence prior to sentencing.  In such
rare circumstances, the error is preserved by raising it in a motion for new
trial.  However, appellant in the instant
case not only had the opportunity to, but did present punishment evidence.  Appellant testified in his own behalf in
regard to punishment, urging the trial court to continue his probation and
suggesting that his probation be extended Aa couple of years.@ 
It is immaterial that the opportunity to present evidence came before
the actual words of adjudication. . . . Appellant had the opportunity to
present evidence during the proceedings. 
That is all that is required.  

Id. at 179 (citations omitted).

This case is in
accord with Pearson.  The record
clearly shows that appellant had ample time to present evidence on his
behalf.  In fact, appellant testified on
two different occasions.  The trial court
recessed after the first hearing in order to evaluate the case.  Then, when the hearing reconvened three days
later, the trial court allowed appellant to again testify about why he was
unable to make restitution payments. 
Finally, the trial judge asked appellant after he testified,  AIs there anything further?@ 
When both parties answered no, the trial judge pronounced sentenced and
assessed punishment.  Immediately
thereafter, the trial judge asked, AAnything else, counsel, that hasn=t been addressed?@ 
The record reflects that the parties then discussed several issues
regarding punishment, chiefly, the trial judge=s forgiving appellant=s debt of $2,700 in delinquent monthly
fees.  The court then asked again, if
there was Aanything else@ and the parties said no.  However, before the parties were excused, and
while still on the record, appellant asked the trial judge to reconsider both
the judgment and punishment.           








The record is
patently clear that appellant had ample time to object to the fact that there
was not a distinct punishment phase of the proceedings.  As such, appellant did not timely object and
preserve error.  See Issa, 826
S.W.2d at 161.  Additionally, the record
reflects that appellant had an ample opportunity to testify and did testify on
his own behalf as to mitigating factors. 
In fact, appellant=s entire evidence was dedicated to
mitigating circumstances, primarily, his affirmative defense on his involuntary
inability to pay.  Appellant had ample
opportunity to present evidence during the proceedings as
to mitigating circumstances and that is all that is required.  Pearson, 994 S.W.2d at 179. Therefore,
we overrule appellant=s second issue.

Presentence Report

Finally,
appellant complains that the trial court erred in not having a PSI report
conducted prior to imposing sentence. 
Essentially, appellant contends we must vacate his sentence and remand
the cause to the trial court so a PSI report can be prepared.  Appellant relies, in part, on Yarbrough v.
State, 57 S.W.3d 611, 619-21 (Tex. App.BTexarkana 2001, pet. ref=d). 
However, in Yarbrough, the court of appeals applied a harmless
error analysis and determined that the trial court=s failure to conduct a PSI report prior
to sentencing did not Aaffect Yarbrough=s substantial rights.@  Id.
at 619.  The court added: 

The purpose of a PSI report is to
provide the trial court with information regarding >the circumstances of the offense with
which the defendant is charged, the amount of restitution necessary to
adequately compensate a victim of the offense, the criminal and social history
of the defendant, and any other information relating to the defendant or the
offense requested by the judge.= 

 

Id. (citations omitted).








Appellant
suggests that, unlike the appellant in Yarbrough, his substantial rights
were affected by the lack of a PSI.  We
are not persuaded.  The trial court here
was fully intimate with the amount of restitution necessary to adequately
compensate the victim of the offense and the criminal and social history of the
defendant.  As noted above, appellant on
two separate occasions testified fully about his history and offered mitigating
circumstances as to why he was unable to pay restitution.  The evidence proved the amount of restitution
that appellant had previously paid and the amount that was still
outstanding.  Appellant has failed to
demonstrate that by the lack of a PSI report at sentencing, his substantial
rights were affected.  Therefore, we
overrule appellant on this issue.

Conclusion

Having overruled
appellant=s issues, we affirm the decision of the
trial court.

 

 

                                                                                                                        Rogelio
Valdez

Chief
Justice

 

Do not publish.

Tex. R. App. P. 47.2(b).

 

 

Memorandum Opinion delivered and
filed

this 22nd day of August,
2005.











[1]Section 5(b) of article 42.12
states in pertinent part that AAfter an adjudication of guilt, all proceedings, including
assessment of punishment, pronouncement of sentence, granting of community
supervision, and defendant's appeal continue as if the adjudication of guilt
had not been deferred. . . .@  Tex. Code Crim. Proc. Ann. art. 42.12 ' 5(b) (Vernon 2004).  Therefore, this means that Awhen a trial court finds that an
accused has committed a violation as alleged by the State and adjudicates a
previously deferred finding of guilt, the court must then conduct a second
phase to determine punishment.@  Issa v. State,
826 S.W.2d 159, 161 (Tex. Crim. App. 1992) (per curiam).