IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00033-CR

 

Julius Maumalanga,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the Criminal District Court
3

Tarrant County, Texas

Trial Court No. 0810115D

 



MEMORANDUM  Opinion



 

          Appellant Julius Maumalanga entered a
negotiated guilty plea for the felony offense of aggravated assault causing
serious bodily injury in February 2003.  Under the terms of the plea bargain,
the trial court placed Maumalanga on deferred adjudication community
supervision for ten years.  A few months later, the State petitioned to proceed
to adjudication.  Because Maumalanga was “on the lam” for fifteen months, the
hearing on the State’s petition did not take place until November 2004. 
Maumalanga pled true to every alleged violation in the State’s petition, and
the trial court adjudicated him guilty and sentenced him to ten years’
imprisonment.

          In his sole issue, Maumalanga asserts
that the trial court erred by failing to hold a separate punishment hearing
after adjudicating guilt.  We will affirm.

          After the trial court finds the
defendant guilty during a hearing on a petition to proceed to adjudication, the
defendant is entitled to a punishment hearing, and the trial judge must allow
the accused the opportunity to present punishment evidence.  Issa v. State,
826 S.W.2d 159, 161 (Tex. Crim. App. 1992).  To preserve a complaint that the
trial court erred in failing to hold a separate punishment hearing, the
defendant must timely object or file a motion for new trial if not afforded the
opportunity to object.  Vidaurri v. State, 49 S.W.3d 880, 885-86 (Tex. Crim. App. 2001); Hardeman v. State, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999). 
The right to a separate punishment hearing is a statutory right that can be
waived.  Vidaurri, 49 S.W.3d at 886.

          In this case, after Maumalanga pled
true to every alleged violation in the State’s petition, Maumalanga and his
former scoutmaster testified.  The trial court then stated:

I am going to find you guilty of the original
offense that you pled guilty to, that being aggravated [ ] assault causing
serious bodily injury.

I hereby assess your sentence at ten years in
the Institutional Division of the Texas Department of Criminal Justice.

 

          Maumalanga did not object to the
failure to provide a separate punishment hearing, and while we disagree with
his assertion that he did not have the opportunity to object, he did not file a
motion for new trial.  Maumalanga thus has not preserved his complaint for
appeal.

          But even if Maumalanga had preserved
his complaint, we would not find error or harm.  Maumalanga essentially
received a punishment hearing.  After he pled true, Maumalanga testified that
he had been offered a punishment deal by the prosecutor but had elected to be
sentenced by the trial court.  Maumalanga asked the trial court to give him
another chance with community supervision, explaining that he had a drug and
alcohol problem and needed help and that he had three children to care for.  He
was asked on cross-examination to tell the trial court why he should get
probation and why he should not get a maximum sentence.  Maumalanga’s former
scoutmaster testified about Maumalanga’s prior scouting and church experiences
and that he would be available to help Maumalanga if he remained on community
supervision.

          It was after this evidence that the
trial court found Maumalanga guilty and sentenced him.  While this was not the
ideal procedure, the trial court did not err.  See Pearson v. State, 994
S.W.2d 176, 178 (Tex. Crim. App. 1999) (trial court did not err where appellant
presented punishment evidence, testifying in his own behalf and urging the
trial court to continue his probation; it was “immaterial that the opportunity
to present evidence came before the actual words of adjudication”); see also
Hardeman, 1 S.W.3d at 691 (“As we explained in Pearson, it is
immaterial that the presentation of this evidence occurred before the actual
words of adjudication.  Hardeman had the opportunity to present evidence during
the proceedings, and that is all that is required.” (footnote omitted)).

          We overrule Maumalanga’s sole issue
and affirm the trial court’s judgment.

 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed November 23, 2005

Do
not publish

[CR25]