COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

FELIPE RAMOS, JR.,                                          )

                                                                              )              
No.  08-05-00037-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )               
194th District Court

THE STATE OF TEXAS,                                     )

                                                                              )            
of Dallas County, Texas

Appellee.                           )

                                                                              )              
(TC# F-0176238-RM)

                                                                              )

 

 

O
P I N I O N

 

Felipe Ramos, Jr.
appeals from an adjudication of guilt for the offense of aggravated sexual
assault of a child.  The court assessed
punishment at 20 years.  Appellant seeks
to have his conviction reversed because he received ineffective assistance of
counsel.  We affirm








In February 2002,
Appellant was indicted for aggravated sexual assault of a child.  He waived his right to a trial by jury and
pled guilty to the offense.  The trial
court deferred a finding of guilt and placed him on community supervision for
eight years and assessed a fine of $1,500. 
In February 2004, the State filed a motion to revoke probation and
proceed with an adjudication of guilt alleging that Appellant had violated
certain terms of his community supervision by: 
(1) failing to make payments towards his urinalysis fees resulting in an
$80 delinquency; (2) failing to pay supervision fees resulting in a delinquency
of $170; (3) failing to successfully complete a sex offender treatment program;
and (4) having contact with children 17 years of age or younger.  A hearing was conducted and Appellant entered
a plea of true.  The trial court took
judicial notice of the State=s
exhibit, Appellant=s signed,
written, voluntary plea of true, stipulation of evidence, and the contents of
the trial court=s
file.  After testimony was presented, the
trial court found that the allegations contained in the State=s motion were true and proceeded to an
adjudication of guilt.  The trial court
then sentenced Appellant to twenty years in the Institutional Division of the
Texas Department of Criminal Justice.

Standard
of Review

In his sole issue,
Appellant alleges that he was denied effective assistance of counsel because
his trial attorney did not object to the failure of the trial court to conduct
a separate punishment hearing or offer any testimony in mitigation of
punishment.  We review claims of
ineffective assistance of counsel under the two‑prong test set out by the
United States Supreme Court in Strickland v. Washington, 466 U.S. 668,
104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).








To prevail on an
ineffective assistance claim, the appellant must first show that counsel=s performance was deficient, that is,
counsel=s
representation fell below an objective standard of reasonableness.  Strickland, 466 U.S. at 687‑88,
104 S.Ct. at 2064; Thompson v. State, 9 S.W.3d 808, 812 (Tex.Crim.App.
1999).  In addition, the appellant must
show that counsel=s
deficient performance prejudiced his defense. 
Strickland, 466 U.S. at 687, 104 S.Ct. at 2064; Jackson v.
State, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994).  This requires the appellant to show there is
a reasonable probability that but for counsel=s
unprofessional errors, the result of the proceeding would have been
different.  Strickland, 466 U.S.
at 694, 104 S.Ct. at 2068; Jackson, 877 S.W.2d at 771.  A reasonable probability is a probability
sufficient to undermine confidence in the outcome.  Strickland, 466 U.S. at 694, 104 S.Ct.
at 2068; Jackson, 877 S.W.2d at 771.

In reviewing
claims of ineffective assistance, we indulge a strong presumption that counsel=s conduct falls within the wide range
of reasonable professional assistance.  Thompson,
9 S.W.3d at 813.  To prevail on a claim
for ineffective assistance of counsel, the appellant must rebut the presumption
that the challenged conduct might be considered sound trial strategy.   Strickland, 466 U.S. at 689, 104 S.Ct. at
2065.  Any allegation of ineffectiveness
must be firmly founded and affirmatively demonstrated in the record.  Thompson, 9 S.W.3d at 813; see
Jackson, 877 S.W.2d at 771.  When the
record is silent, this Court will not speculate as to the reasons for trial
counsel=s
actions.  See Jackson, 877 S.W.2d
at 771.  Appellant bears the burden of
proving ineffective assistance by a preponderance of the evidence.  Thompson, 9 S.W.3d at 813; Bradley
v. State, 960 S.W.2d 791, 804 (Tex.App.‑‑El Paso 1997, pet. ref=d).

Initially, we note
that Appellant did file a motion for new trial, but did not challenge the
alleged ineffectiveness of his counsel. 
In the majority of instances, the appellant cannot rebut the presumption
of reasonable assistance because the record on direct appeal is simply
undeveloped and does not adequately reflect the failings of trial counsel.  Thompson, 9 S.W.3d at 813‑14.  A silent record that provides no explanation
for counsel=s actions
will not ordinarily overcome the strong presumption of reasonable
assistance.  See Rylander v. State,
101 S.W.3d 107, 110‑11 (Tex.Crim.App. 2003).








Appellant contends
that he was denied effective assistance of counsel as a result of:  (1) his trial attorney=s
failure to object when the trial court did not conduct a separate punishment
hearing; and (2) failing to present any mitigation testimony.  First, we disagree with Appellant=s position that a defendant is always
entitled to a separate punishment hearing after adjudication of guilt.  We do agree that the trial court must allow
the defendant the opportunity to present evidence.  See Issa v. State, 826 S.W.2d 159, 161
(Tex.Crim.App. 1992).  However, all that
is required is that a defendant be given an opportunity at some stage of the
proceedings to present evidence, not that he be afforded a separate hearing in
which to do so.  See Pearson v. State,
994 S.W.2d 176, 179 (Tex.Crim.App. 1999); see also Hardeman v. State, 1
S.W.3d 689, 690‑91 (Tex.Crim.App. 1999)(holding that Issa requires
only that the defendant have the opportunity to present evidence in mitigation
of punishment if not afforded same during adjudication). 

In addition, we
disagree that Appellant=s
counsel failed to present any mitigation testimony to the trial court.  Trial counsel began by calling Appellant=s probation officer to testify.  Although the probation officer=s testimony could hardly be described
as favorable to Appellant, he did admit on redirect examination that Appellant
had been Areporting
the entire time he=s been on
probation.@  Appellant then testified on his own
behalf.  He testified that he had been
making payments toward his probation fees, at least as much as he was able to
afford, and that there was a small balance due. 
Appellant also testified that in addition to probation fees, he had Ato pay 360 hours of community
service.  I pay fines for $1,700, and I
pay all my family back about $4,800 so I can be outside on probation.@ 
He also informed the trial court that he was supporting his wife and
eight-month-old child.  Appellant
indicated that he was working approximately forty hours a week as a landscaper
for his uncle and earned about $325 dollars a week.

Appellant also
testified that in 2002, he had attended approximately thirty-three counseling
sessions with his doctor and that each session had cost him about $30.  Counsel for Appellant introduced records into
evidence showing that he had indeed attended those 








thirty-three sessions.  Appellant then testified that in 2003, he had
attended approximately fifty sessions of counseling.  Appellant also stated that in 2004, he had
already attended six additional sessions of counseling.  Appellant informed the court that he had paid
about $2,700 dollars to his counselor.

Appellant also
asked that the trial court place him back on probation.  When his trial counsel asked Appellant why he
thought the judge should give him another chance, he stated that AI need a second chance to prove to you
that I will be able to complete the probation by myself.@   Appellant told the trial court that his
family depended on him for support. 
Appellant agreed that even if the judge were to continue probation and
place additional restrictions on him, he would be able to comply.  Appellant also agreed that if the judge were
to order him to wear an electronic monitor or move to a location where no
children were present, he would fully comply. 


During the State=s cross-examination of Appellant, he
testified that he had Achanged
a lot with the therapy@
and that he was no longer attracted to young girls.  Appellant did admit that he needed further
therapy and stated that if the judge would Aallow
me to finish with the therapy, I will finish like I was working with that
before.@  Appellant also stated that he was confident
that he would not touch another girl in the future.








Trial counsel then
called Appellant=s uncle
as a witness.  Appellant=s uncle testified that Appellant worked
with him doing landscape work.  He told
the court that Appellant had been working with him since he first got out of
jail.  Appellant=s
uncle testified that Appellant worked from between seven to eleven hours a
week, depending upon how well the work was going.  He also told the court that if Appellant were
placed back on probation, he would have plenty of work to do.  Appellant=s
uncle further testified that while at work, he would have no contact with
children and that he would watch Appellant and could assure the court that
Appellant would have no contact with any children.

We conclude that
Appellant was clearly afforded an opportunity to present evidence in mitigation
of punishment during the proceedings. 
Further, after assessing punishment at twenty years in the Institutional
Division of the Texas Department of Criminal Justice but prior to orally
pronouncing sentence, the trial court gave Appellant an additional opportunity
to respond.  The trial court asked
Appellant A[i]s
there any reason in law why you should not be sentenced today?@ 
To which Appellant=s
trial counsel responded A[n]o
your honor.@  Appellant remained silent.  

Given that Appellant
was provided with an opportunity to present evidence in mitigation of
punishment, there was no grounds for trial counsel to object.  We, therefore, conclude that Appellant has
failed to show trial counsel=s
performance fell below an objective standard of reasonableness.  We need not address both components of the
inquiry if the defendant makes an insufficient showing on one component of the Strickland
analysis.  Strickland, 466 U.S. at
697, 104 S.Ct. at 2069; Mallett v. State, 65 S.W.3d 59, 68
(Tex.Crim.App. 2001).  Accordingly,
Appellant has not met his burden of establishing that his counsel was
ineffective.  Issue One is overruled.

Accordingly, we
affirm the trial court=s
judgment.

 

 

April
6, 2006

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)