In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-205 CR


____________________



KEVIN JEROME MOORE, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 87194






 MEMORANDUM OPINION 



 Kevin Jerome Moore pled guilty in Cause No. 87194 to the second degree felony
offense of burglary of a habitation. Tex. Pen. Code Ann. § 30.02 (a)(3), (c)(2) (Vernon
2003). The trial court deferred adjudication of guilt and placed Moore on community
supervision for ten years commencing June 9, 2003. During the period of community
supervision, the State filed a motion to adjudicate that alleged drug screens revealed Moore
ingested controlled substances in violation of the terms of the community supervision order. 
Moore pled "true" to several of the State's allegations. The trial court adjudicated guilt and
assessed a twenty year sentence. 

 Moore's appellate counsel filed a brief that presents counsel's professional evaluation
of the record and concludes the appeal is frivolous. See Anders v. California, 386 U.S. 738,
87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); High v. State, 573 S.W.2d 807 (Tex. Crim. App.
1978). On January 26, 2006, we granted an extension of time for Moore to file a pro se brief.
 The appellant did not file a response. 

 We have jurisdiction over the appeal. See Hargesheimer v. State, 182 S.W.3d 906
(Tex. Crim. App. 2006); Manuel v. State, 994 S.W.2d 658 (Tex. Crim. App. 1999). On
appeal following adjudication, claims that directly and distinctly relate to punishment may
be raised. Hogans v. State, 176 S.W.3d 829 (Tex. Crim. App. 2005). In this case, the
appellant had an opportunity to present evidence during the proceedings. See Pearson v.
State, 994 S.W.2d 176, 179 (Tex. Crim. App. 1999). 

 We have reviewed the clerk's and the reporter's records, and find no arguable error
requiring us to order appointment of new counsel. Compare Stafford v. State, 813 S.W.2d
503, 511 (Tex. Crim. App. 1991). The trial court's judgment is affirmed. (1) 

 

 AFFIRMED.


 ____________________________

 DAVID GAULTNEY

 Justice



Submitted on May 22, 2006

Opinion Delivered May 31, 2006

Do Not Publish


Before Gaultney, Kreger and Horton, JJ.
1. Appellant may challenge our decision in the case by filing a petition for discretionary
review. See Tex. R. App. P. 68.