In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-153 CR


 ______________________


 

KARIM ISAM ANABTAWI, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 88421






MEMORANDUM OPINION


 Our prior opinion is withdrawn and the following opinion is substituted in its place. 
Tex. R. App. P. 50. Pursuant to a plea bargain agreement, Karim Isam Anabtawi pled guilty
to aggravated assault. (1) The trial court found the evidence sufficient to find appellant guilty
of aggravated assault, but deferred adjudication of guilt. The court placed appellant on
community supervision for five years, ordered appellant to serve one hundred eighty days of
up-front time as a condition of community supervision, and assessed a $500 fine.

 The State filed a motion to revoke appellant's unadjudicated community supervision. 
On April 7, 2006, the trial court held a hearing on the motion. Appellant pled "true" to two
alleged violations of the terms of his community supervision. The court found that appellant
violated two of the conditions of his community supervision and revoked his community
supervision, found him guilty of aggravated assault, and assessed punishment at seven years
of confinement in the Texas Department of Justice, Institutional Division. Appellant filed
a pro se notice of appeal. (2) The trial court certified appellant's right to appeal.

 Appellant argues he received ineffective assistance of counsel during the adjudication
hearing. Appellant argues trial counsel erroneously advised him to plead "true" to the
alleged violations of his community supervision. He asserts that trial counsel should have
objected to the State's evidence because the State did not sufficiently prove that he violated
the conditions of his community supervision. He also claims the State's motion to revoke
was based on a pending charge against him and trial counsel should have sought a separate
hearing regarding this charge. 

 Article 42.12, section 5(b) of the Texas Code of Criminal Procedure provides that if
a defendant violates a condition of deferred adjudication community supervision, he is
entitled to a hearing limited to the court's determination of whether it proceeds with an
adjudication of guilt on the original charge. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b)
(Vernon 2006). Under the applicable version of the statute, a defendant may not appeal from
the court's determination to proceed with an adjudication of guilt. See id. (3) After the trial
court adjudicates guilt, all proceedings, including the assessment of punishment, the
pronouncement of sentence, the granting of community supervision, and the defendant's
appeal continue as if the adjudication of guilt had not been deferred. Tex. Code Crim. Proc.
Ann. art. 42.12, § 5(b). An appellate court does not have the jurisdiction to consider claims
that relate to the trial court's determination to proceed with guilt on the original charge. 
Davis v. State, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006).

 Appellant's ineffective assistance of counsel complaints do not directly and distinctly
relate to punishment or the sentence imposed, but concern the decision to proceed with an
adjudication of guilt. (4) The arguments regarding his "true" plea and the sufficiency of the
evidence to prove the alleged violations of his community supervision relate to the court's
decision to proceed with a determination of guilt on the charge of aggravated assault. 
Appellant argues the State's allegation that he committed the offense of "Evading
Arrest/Detention Use of a Vehicle" entitled him to a separate hearing, but in the Motion to
Revoke Unadjudicated Probation, the State listed this offense as a ground for revoking
community supervision. "The fact that evidence may be probative to both the decision to
adjudicate and to the assessment of an appropriate punishment does not convert adjudication
evidence into punishment evidence." Hogans v. State, 176 S.W.3d 829, 835 (Tex. Crim.
App. 2005). Because the appeal raises claims of purported error that relate to the
determination to proceed with an adjudication of guilt, we dismiss the appeal to the extent
that it relates to appellant's arguments concerning his "true" plea, the sufficiency of the
evidence to prove the alleged violations of his community supervision, and the separate
hearing for the evading arrest charge.

 Appellant argues we have jurisdiction to consider his appeal based on the following
statement in his brief: "Although [trial counsel] was aware that a pending charge in the
State's Motion to Revoke and indictment warranted a separate hearing. . . .such failure to do
so, calculated to deprive Appellant of a separate punishment hearing that denied Appellant
an opportunity to present evidence after his adjudication of guilt." Appellant argues that the
trial court erred in adjudicating him guilty and imposing a sentence without providing him
the opportunity to present mitigating evidence, and trial counsel was ineffective for failing
to object or file a motion for continuance. To the extent that appellant argues he was denied
a separate punishment hearing, we agree that we have jurisdiction to consider this issue. See
Vidaurri v. State, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001).

 The Court of Criminal Appeals has held that the trial court must allow the defendant
the opportunity to present evidence, but there is no absolute right to a separate punishment
hearing. Hardeman v. State, 1 S.W.3d 689, 690-91 (Tex. Crim. App. 1999); Issa v. State,
826 S.W.2d 159, 161 (Tex. Crim. App. 1992). In this case, after appellant pled true to
violating the terms of his probation, trial counsel called appellant's father to testify. 
Appellant's father explained that appellant had a drug problem, but if the trial court would
order him to participate in "SAFPF," appellant would have a "chance of rehabilitation." The
father also testified appellant had employment opportunities waiting for him after he finished
the program. Appellant admitted he had a drug problem, stated he had been trying to get
help, and requested he be allowed to participate in "SAFPF." Appellant stated that he was
on drugs during the assault and asked that he be allowed to "get [his] life together." He also
explained why he violated a term of his community supervision. After appellant presented
his evidence, the trial court adjudicated him guilty and imposed sentence. 

 Appellant had the opportunity to present mitigating evidence and did in fact present
evidence. See Pearson v. State, 994 S.W.2d 176, 179 (Tex. Crim. App. 1999). "It is
immaterial that the opportunity to present evidence came before the actual words of
adjudication." Id. at 179. Appellant has not shown that his counsel was ineffective or that
he was harmed by any failure to object or request a continuance. See Hardeman, 1 S.W.3d
at 691; see generally Pearson, 994 S.W.2d at 179. 

 Appellant's issues are overruled. The judgment is affirmed

 AFFIRMED.

 _________________________________

 DAVID GAULTNEY

 Justice 

Submitted on February 9, 2007 

Opinion Delivered September 19, 2007 

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. See Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, sec. 22.02, 1993 Tex. Gen.
Laws 3586, 3619-20 (amended 2003, 2005) (current version at Tex. Pen. Code Ann. § 22.02
(Vernon Supp. 2006)).
2. Although the trial court appointed appellate counsel, appellant requested to proceed
without counsel, and the trial court granted the request. A supplemental record was filed,
including the appellant's affidavit requesting to proceed pro se and the trial court's order
granting the request. 
3. Section 5(b) has been amended to allow a defendant to appeal from the court's
determination to proceed with an adjudication of guilt. See Act of May 28, 2007, 80th Leg.,
R.S., S.B. 909, § 5 (to be codified as an amendment of Tex. Code Crim. Proc. Ann. art.
42.12, § 5(b)). However, the former version of section 5(b) applies here because the trial
court held appellant's adjudication hearing before June 15, 2007. See id.
4. In his reply brief, appellant asserts his appeal relates only to punishment. However,
his arguments center upon matters pertaining to the trial court's decision to adjudicate guilt.