NO. 07-08-0097-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 9, 2009



______________________________





JON ERIC TURNER, APPELLANT



v.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 37,376-E; HON. ABE LOPEZ, PRESIDING



_______________________________



Before CAMPBELL, HANCOCK and PIRTLE, JJ.
Memorandum Opinion
          Appellant, Jon Eric Turner, appeals the sentence the trial court assessed after
adjudicating appellant guilty of the offense of aggravated assault with a deadly weapon.


 
The trial court sentenced appellant to a term of 20 years incarceration in the Institutional
Division of the Texas Department of Criminal Justice. By four issues, appellant challenges
the trial court’s sentence. We affirm.
Background
          In August of 1997, appellant pleaded guilty to the charge of aggravated assault with
a deadly weapon. In accordance with a plea agreement, the trial court deferred a
determination of guilt for a period of five years. Appellant was admonished that, if he was
convicted of the offense for which he pled guilty, he could be punished with imprisonment
for a period of between two years and 20 years. In July of 1999, the State filed a motion
to proceed with adjudication alleging that appellant had violated the terms of his community
supervision by committing another aggravated assault with a deadly weapon. Because the
State could not locate appellant, the motion to proceed with adjudication was not heard at
that time. In July of 2002, the State filed an amended motion to proceed with adjudication
that added claims that appellant had violated the terms of his community supervision by
failing to report to his community supervision officer each month from July 1999 through
June 2002 and failing to pay monthly community supervision fees from July 1999 through
July 2002. In May of 2007, appellant’s community supervision officer received information
that appellant was in the Cook County Jail in Chicago, Illinois. In July of 2007, appellant
was extradited to Potter County where he was held until the State’s motion to proceed with
adjudication was heard in December of 2007.
          During the adjudication hearing, appellant cross-examined each of the State’s
witnesses and presented evidence on his own behalf. Appellant, himself, testified that he
committed the original assault, but that he did so in self-defense. During this testimony,
however, the trial court interrupted and stated that there was no sense in going into the
original assault since appellant had already pleaded guilty to that offense. Appellant’s
counsel said, “Okay” and proceeded to testimony regarding the assault alleged as violating
the terms of appellant’s community supervision. At the conclusion of the hearing, the trial
court found that appellant violated the conditions of his community supervision, found him
guilty of aggravated assault with a deadly weapon, and sentenced him to 20 years
incarceration. At no time during this hearing did appellant object to the trial court’s failure
to admit or consider any evidence offered in mitigation of sentence nor did appellant object
to the trial court’s imposition of sentence. Further, appellant concedes in his appellate brief
that no motion for new trial was filed.
Preservation of Error in Sentencing
          All four of appellant’s issues in this appeal relate to the trial court’s failure to
consider evidence in mitigation of sentence before sentencing appellant to the maximum
sentence for the offense of aggravated assault with a deadly weapon. Appellant contends
that the trial court’s refusal to hear this evidence resulted in a disproportionate sentence 
in violation of the United States and Texas Constitutions. The State responds that
appellant failed to preserve any error in the trial court’s sentencing and, even if preserved,
the trial court did not err because appellant was afforded the opportunity to present
evidence in mitigation of sentence.
          As noted above, appellant raised no objection to the trial court’s sentencing, either
at the time of sentencing or in any post-trial motion, on any grounds. Neither did appellant
ever lodge an objection to the trial court’s alleged refusal to admit or consider evidence in
mitigation of sentencing. To preserve error for appellate review, a party must present a
timely objection to the trial court, state the specific grounds for the objection, and obtain
a ruling. Tex. R. App. P. 33.1(a); Trevino v. State, 174 S.W.3d 925, 927 (Tex.App.–Corpus
Christi 2005, pet. ref’d). Even claims of constitutional violations can be waived by a failure
to object. Trevino, 174 S.W.3d at 927. "All a party has to do to avoid the forfeiture of a
complaint on appeal is to let the trial judge know what he wants, why he thinks himself
entitled to it, and to do so clearly enough for the judge to understand him at a time when
the trial court is in a proper position to do something about it." Lankston v. State, 827
S.W.2d 907, 909 (Tex.Crim.App. 1992) (en banc). See Solis v. State, 945 S.W.2d 300,
301 (Tex.App.–Houston [1st Dist.] 1997, pet. ref’d) (failure to object to an alleged grossly
disproportionate sentence forfeits any error); Quintana v. State, 777 S.W.2d 474, 479
(Tex.App.–Corpus Christi 1989, pet. ref’d) (failure to object to sentence as cruel and
unusual punishment forfeits error). However, in certain rare circumstances, error relating
to sentencing following an adjudication of guilt can be preserved by the issue being raised
in a timely filed motion for new trial. See Pearson v. State, 994 S.W.2d 176, 179
(Tex.Crim.App. 1999). However, in the present case, appellant concedes that he did not
file a motion for new trial.
          Because the sentence imposed in the present case is within the statutory
punishment range and is not illegal,


 the constitutional rights that appellant claims were
violated by the trial court’s disproportionate sentence are not so fundamental as to have
relieved him of the necessity of a timely, specific trial objection. Trevino, 174 S.W.3d at
927-28. Thus, by failing to object to the trial court’s failure to allow evidence in mitigation
of sentence or to the sentence imposed by the trial court, appellant has forfeited his
complaint on appeal. Id. at 928.
Conclusion
          Because appellant failed to preserve any error relating to the trial court’s sentencing,
his appellate issues are not before us. We affirm the judgment of the trial court.
 
Mackey K. Hancock

Justice



Do not publish.