NO. 07-08-0097-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 9, 2009

_____

JON ERIC TURNER, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 37,376-E; HON. ABE LOPEZ, PRESIDING

_____

Before CAMPBELL, HANCOCK and PIRTLE, JJ.

**Memorandum Opinion**

Appellant, Jon Eric Turner, appeals the sentence the trial court assessed after adjudicating appellant guilty of the offense of aggravated assault with a deadly weapon.[1] The trial court sentenced appellant to a term of 20 years incarceration in the Institutional

_____

[1] Appellant's Notice of Appeal indicates that appellant is appealing "the revocation of community supervision, judgment[,] and sentence of the Court." However, appellant's issues on appeal challenge only the trial court's sentence.

Division of the Texas Department of Criminal Justice. By four issues, appellant challenges the trial court's sentence. We affirm.

## Background

In August of 1997, appellant pleaded guilty to the charge of aggravated assault with a deadly weapon. In accordance with a plea agreement, the trial court deferred a determination of guilt for a period of five years. Appellant was admonished that, if he was convicted of the offense for which he pled guilty, he could be punished with imprisonment for a period of between two years and 20 years. In July of 1999, the State filed a motion to proceed with adjudication alleging that appellant had violated the terms of his community supervision by committing another aggravated assault with a deadly weapon. Because the State could not locate appellant, the motion to proceed with adjudication was not heard at that time. In July of 2002, the State filed an amended motion to proceed with adjudication that added claims that appellant had violated the terms of his community supervision by failing to report to his community supervision officer each month from July 1999 through June 2002 and failing to pay monthly community supervision fees from July 1999 through July 2002. In May of 2007, appellant's community supervision officer received information that appellant was in the Cook County Jail in Chicago, Illinois. In July of 2007, appellant was extradited to Potter County where he was held until the State's motion to proceed with adjudication was heard in December of 2007.

During the adjudication hearing, appellant cross-examined each of the State's witnesses and presented evidence on his own behalf. Appellant, himself, testified that he

2

committed the original assault, but that he did so in self-defense. During this testimony, however, the trial court interrupted and stated that there was no sense in going into the original assault since appellant had already pleaded guilty to that offense. Appellant's counsel said, "Okay" and proceeded to testimony regarding the assault alleged as violating the terms of appellant's community supervision. At the conclusion of the hearing, the trial court found that appellant violated the conditions of his community supervision, found him guilty of aggravated assault with a deadly weapon, and sentenced him to 20 years incarceration. At no time during this hearing did appellant object to the trial court's failure to admit or consider any evidence offered in mitigation of sentence nor did appellant object to the trial court's imposition of sentence. Further, appellant concedes in his appellate brief that no motion for new trial was filed.

## Preservation of Error in Sentencing

All four of appellant's issues in this appeal relate to the trial court's failure to consider evidence in mitigation of sentence before sentencing appellant to the maximum sentence for the offense of aggravated assault with a deadly weapon. Appellant contends that the trial court's refusal to hear this evidence resulted in a disproportionate sentence in violation of the United States and Texas Constitutions. The State responds that appellant failed to preserve any error in the trial court's sentencing and, even if preserved, the trial court did not err because appellant was afforded the opportunity to present evidence in mitigation of sentence.

As noted above, appellant raised no objection to the trial court's sentencing, either at the time of sentencing or in any post-trial motion, on any grounds. Neither did appellant ever lodge an objection to the trial court's alleged refusal to admit or consider evidence in mitigation of sentencing. To preserve error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. TEX. R. APP. P. 33.1(a); Trevino v. State, 174 S.W.3d 925, 927 (Tex.App.–Corpus Christi 2005, pet. ref'd). Even claims of constitutional violations can be waived by a failure to object. Trevino, 174 S.W.3d at 927. "All a party has to do to avoid the forfeiture of a complaint on appeal is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it." Lankston v. State, 827 S.W.2d 907, 909 (Tex.Crim.App. 1992) (en banc). See Solis v. State, 945 S.W.2d 300, 301 (Tex.App.–Houston [1st Dist.] 1997, pet. ref'd) (failure to object to an alleged grossly disproportionate sentence forfeits any error); Quintana v. State, 777 S.W.2d 474, 479 (Tex.App.–Corpus Christi 1989, pet. ref'd) (failure to object to sentence as cruel and unusual punishment forfeits error). However, in certain rare circumstances, error relating to sentencing following an adjudication of guilt can be preserved by the issue being raised in a timely filed motion for new trial. See Pearson v. State, 994 S.W.2d 176, 179 (Tex.Crim.App. 1999). However, in the present case, appellant concedes that he did not file a motion for new trial.

Because the sentence imposed in the present case is within the statutory punishment range and is not illegal,[2] the constitutional rights that appellant claims were violated by the trial court's disproportionate sentence are not so fundamental as to have relieved him of the necessity of a timely, specific trial objection. <u>Trevino</u>, 174 S.W.3d at 927-28. Thus, by failing to object to the trial court's failure to allow evidence in mitigation of sentence or to the sentence imposed by the trial court, appellant has forfeited his complaint on appeal. <u>Id</u>. at 928.

### Conclusion

Because appellant failed to preserve any error relating to the trial court's sentencing, his appellate issues are not before us. We affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.

---

[2] An illegal sentence is a sentence that is outside of the maximum or minimum range of punishment authorized by law and may be raised for the first time on appeal. <u>See</u> <u>Mizell v. State</u>, 119 S.W.3d 804, 806 (Tex.Crim.App. 2003). Appellant does not contend that the sentence imposed by the trial court in this case was illegal.