Kathy Colvin, Longview, for appellant.

Barbara Hervey, Asst. Dist. Atty., San Antonio, Matthew Paul, State's Atty., Austin, for State.

**Robert Lee PEARSON, Appellant,**

v.

**The STATE of Texas.**

No. 1007–98.

Court of Criminal Appeals of Texas, En Banc.

June 9, 1999.

## OPINION

JOHNSON J., delivered the opinion for a unanimous Court.

Appellant was indicted in 1991 on a charge of burglary of a habitation. In January, 1993, appellant entered a plea of nolo contendere. The trial court deferred adjudication of guilt and placed him on probation for seven years. The state filed

---

a motion to revoke probation [1] on October 13, 1993, alleging failure to report, failure to pay as ordered, and failure to complete community service. Appellant was continued on probation. The conditions of probation were amended in February, 1994, to require appellant to participate in the residential restitution center program. A subsequent motion to revoke probation was filed on March 15, 1994, alleging a violation of the terms of the amendment. Appellant was again continued on probation. A third motion to revoke probation was filed on June 3, 1994, alleging use of marijuana and leaving the restitution center without permission. After appellant was continued on probation, the conditions of probation were altered to require participation in a zero-tolerance substance-abuse center. In November, 1994, the state again filed a motion to revoke probation, alleging that appellant had violated his probation by failing to report, failing to pay as ordered, failing to complete community service, and committing capital murder. In September, 1996, a jury acquitted appellant of capital murder. Because of the murder charge, jurisdiction over appellant's probation was transferred to the judge who presided over the murder trial. On October 11, 1996, in a contested hearing, the second judge adjudicated appellant and sentenced him to sixty years confinement in the Texas Department of Corrections. At a subsequent hearing on appellant's motions for new trial and reconsideration of sentence, the trial court found that it had lost jurisdiction over reconsideration of sentence, but proceeded on the motion for new trial. The record from that hearing reflects that two witnesses had been subpoenaed for the original hearing on adjudication, but, because of repeated rescheduling of the original hearing, they had not received notice of the actual date and so had not testified. Those witnesses testified at the hearing on the motion for new trial.[2] The motion for new trial was denied.

Relying on *Issa v. State*, 826 S.W.2d 159 (Tex.Crim.App.1992), and *Borders v. State*, 846 S.W.2d 834 (Tex.Crim.App.1992) (plurality opinion), the Fourth Court of Appeals reversed the trial court and remanded for resentencing. *Pearson v. State*, 974 S.W.2d 63, 67 (Tex.App.—San Antonio 1998, pet. granted). The Court of Appeals concluded that appellant was improperly sentenced because he had not been given an opportunity to present punishment evidence after the adjudication of guilt and that he had preserved the error through a motion for new trial. *Id.* The state sought review. We reverse.

The sole ground for review granted by this Court is whether we should reconsider the holdings of *Issa v. State*, 826 S.W.2d 159 (Tex.Crim.App.1992), and *Borders v. State*, 846 S.W.2d 834 (Tex.Crim.App.1992) (plurality opinion), that error in failing to conduct a punishment hearing following the adjudication of guilt after deferred adjudication is preserved by raising the issue for the first time in a motion for new trial. We reaffirm our decision in *Issa* and reverse the judgment of the Court of Appeals. We distinguish *Borders*, as it does not implicate the issue here, which is the requirements of TEXAS CODE OF CRIMINAL PROCEDURE, Art. 42.12. *Borders*, 846 S.W.2d at 834.[3]

1. While entitled "Motion to Revoke Probation," all of the motions were in fact motions to adjudicate.

2. The state urges that any error was cured by the testimony of the witnesses at the subsequent hearing. However, the explicit finding of the trial court that it had lost jurisdiction of the motion to reconsider negates that argument. Evidence was heard only in regard to the motion for new trial, which has very different issues and standards of proof.

3. *Borders* concerned the punishment phase after a guilty verdict, implicating Art. 37.07 ("Verdict Must be General; Separate Hearing on Proper Punishment") and Art. 37.07, § 3 ("Evidence of Prior Criminal Record in all Criminal Cases After a Finding of Guilt"). *Borders*, 846 S.W.2d at 834–35. Additionally, as a plurality opinion, *Borders* is not binding precedent.

In *Issa*, appellant moved to continue his probation, alleging insufficient evidence to revoke it. *Issa*, 826 S.W.2d at 160. The trial court denied the motion. *Id.* Appellant then responded, "Defendant rests," and arguments began. *Id.* In response to an objection by the state during appellant's argument, appellant asked to re-open and present testimony. *Id.* The trial court denied the request. *Id.* Appellant requested to proffer what the witness would testify to, but the trial court again denied the request, thereby denying appellant the opportunity to present evidence. *Id.* At the conclusion of appellant's argument, the trial court, in one proclamation, adjudicated appellant's guilt and sentenced him. *Id.* at 161. Appellant did not object to the trial court's action and claimed that the trial judge immediately left the bench without giving him the opportunity to make such objection. *Id.* at 160. We determined that appellant had no opportunity to object to the trial court's action until after that action had been taken. *Id.* at 161. Thus, appellant in *Issa* had neither the opportunity to present punishment evidence nor the opportunity to object to the trial court's action.[4] We found that appellant preserved error for appellate review by raising his objection to the trial court's actions by timely filing a motion for new trial. *Id.*

Specifically, we held in *Issa* that

when a trial court finds that an accused has committed a violation as alleged by the State and adjudicates a previously deferred finding of guilt, the court must then conduct a second phase to determine punishment. As Art. 42.12, § 3d(b), V.A.C.C.P. (1988), provides,

"[a]fter an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and defendant's appeal continue as if the adjudication of guilt had not been deferred." *See* now Art. 42.12, § 5(b), V.A.C.C.P. (1988). Thus, based upon the statute, the defendant is *entitled* to a punishment hearing after the adjudication of guilt, and the trial judge *must allow the accused the opportunity to present evidence*.

*Issa*, 826 S.W.2d at 161 (second emphasis added).[5] Such holding was based on the fact that appellant was denied both the opportunity to present punishment evidence and the opportunity to object to the trial court's action until after that action was taken. We also cited to *Duhart v. State*, 668 S.W.2d 384, 387 (Tex.Crim.App. 1984).

Fairness would dictate that a defendant be accorded an opportunity to offer appropriate evidence in mitigation of punishment after the revocation of "probation" and the adjudication of guilt and before the assessment of punishment *if such evidence has not already been elicited during the proceedings*, particularly if the defendant requests the opportunity. (Emphasis added.)

The facts in the instant case are distinguishable from *Issa*. After the state presented its evidence in support of adjudication, appellant was sworn and testified in response to questions from his attorney as to "anything you would like to address the Court on [sic] regarding the sentencing." The trial court also spoke with appellant.

---

4. The specific ground for review in *Issa* was: The judge who presided at the hearing on Motion to Proceed to Adjudication and to Revoke Probation erred by adjudging Defendant guilty and *immediately* sentencing him to ten years confinement *without giving Defendant any opportunity to be heard on the issue of punishment and sentence*, in violation of Due Process of Law guaranteed the Defendant under the Fourteenth Amendment to the Constitution of the United States and the Due Course of Law Provision of Article 1, Section 10 of the Constitution of the State of Texas.
*Issa*, 826 S.W.2d at 159–60 (second emphasis added).

5. Probation is now referred to as "community supervision." Texas Code of Criminal Procedure, Art. 42.12, § 5(b). Otherwise, the statute remains the same.

THE COURT: All right. Mr. Pierson [sic],[6] you have already testified on your own behalf. Is there anything you want to offer on your own behalf by way of allocution or arguments about what should happen on the disposition? Anything you want to tell about what I ought to do on the—let's assume I revoke by virtue of the allegations, anything you want to offer on what the term may or may not be, should I continue you, some sort of alternative sanctions, if I do find the allegations to be true, what term should I consider? Anything you want to offer on that?

MR. PIERSON: Really all I would have to offer would be to get restored on probation.

THE COURT: All right.

MR. PIERSON: Maybe a couple of years added to the probation or something, but I was acquitted of the case.

THE COURT: Well, I am specifically addressing the fact that nothing happens in a vacuum. You have been on probation, deferred adjudication, and you have had continuous motions to revoke.

MR. PIERSON: I was reinstated for the other allegations. I was reinstated.

THE COURT: I understand that you were reinstated, but what I am saying is you can look at the course of conduct. You know, the fact that you are reinstated is fine, but I am just saying the fact that you have had to be brought back into court so many times for further admonishment and further sanctions indicates to me you have not been a very good probationer, separate and apart from this allegation. So what I would like for you to address. Why did you have so many problems on probation before this incident ever occurred? Actually, this incident occurred while you were on probation before any of this. What

was the problem of complying with the conditions where the judge had to continue to modify?

MR. PIERSON: Really, sir, I don't know. I guess it was the neighborhood I lived in, the company I kept.

(Hr'g on Mot. To Revoke Probation, 25–26.) After appellant's testimony regarding punishment, the trial court found appellant guilty and assessed punishment. *Id.* at 27.

Generally, a criminal defendant must make a timely objection to preserve a complaint for appellate review. TEX.R.APP. P. 33.1(a). Our disposition in *Issa* was based on the trial court's denial of appellant's requests to present evidence and then in one proclamation revoking appellant's probation, adjudicating his guilt, and sentencing him. Appellant had no opportunity to object until after the trial court's action was taken, and appellant was therefore improperly sentenced without being given an opportunity to present evidence prior to sentencing. In such rare circumstances, the error is preserved by raising it in a motion for new trial. However, appellant in the instant case not only had the opportunity to, but did present punishment evidence. Appellant testified in his own behalf in regard to punishment, urging the trial court to continue his probation and suggesting that his probation be extended "a couple of years." It is immaterial that the opportunity to present evidence came before the actual words of adjudication. The failure of counsel to either obtain the attendance of the subpoenaed witnesses or to request a continuance to obtain their attendance based on the repeated rescheduling of the hearing is not dispositive. Appellant had the *opportunity* to present evidence *during the proceedings*. That is all that is required.

The judgment of the court of appeals is reversed and the judgment of the trial court is affirmed.

---

**6.** The statement of facts consistently misspelled appellant's name as Pierson.