11th Court of Appeals
Eastland, Texas
Opinion
 
Victor Bastardo
            Appellant
Vs.                  No. 11-03-00398-CR -- Appeal from Brown County
State of Texas
            Appellee
 
            Victor Bastardo was convicted on October 17, 1997, of possession of a controlled substance.
The trial court deferred adjudication of guilt, placed appellant on community supervision for 5 years,
and assessed a $1,000 fine. On October 8, 2002, the State filed a motion to adjudicate guilt alleging
that appellant violated the terms and conditions of his deferred adjudication community supervision. 
After a hearing on the motion, the trial court found that appellant violated the terms and conditions
of his community supervision, revoked his community supervision, adjudicated his guilt, and
sentenced him to confinement for three years. We reverse and remand.
            In his sole point of error, appellant argues that the trial court erred in assessing punishment
without first conducting a separate hearing on punishment. The trial court heard evidence on the
State’s motion to adjudicate on October 21, 2003. At the conclusion of the hearing, the trial court
recessed to consider the evidence. The trial court reconvened on October 23, at which time the trial
court found that appellant had violated the terms and conditions of his community supervision. The
trial court adjudicated appellant guilty and then stated, “having found [appellant] guilty at this point,
I do assess the punishment in the case. That punishment I do place at three years confinement.” 
Appellant objected, stating:
            Your honor, with all due respect, while I didn’t have extra case law, I’m - -
I just don’t see any basis for the Court to have made the finding that the Court has
made. I think the punishment that the Court has chosen to assess is improper, and
we would request that the Court permit us to reset this hearing for another date to
conduct a punishment hearing in the case. 
 
            The State argues that appellant has waived appellate review because his objection only
addresses the sufficiency of the evidence. The right to a hearing on punishment after an adjudication
of guilt is a right that can be waived. Vidaurri v. State, 49 S.W.3d 880, 886 (Tex.Cr.App.2001).
However, we find that appellant’s objection was sufficient to inform the trial court of his complaint. 
TEX.R.APP.P. 33.1(a). Appellant has preserved his complaint for review.
            The trial court need only afford a defendant an opportunity to present evidence in mitigation
of punishment at sometime during the proceedings, either before the adjudication or after. 
Hardeman v. State, 1 S.W.3d 689 (Tex.Cr.App.1999); Pearson v. State, 994 S.W.2d 176
(Tex.Cr.App.1999). The record does not show that appellant had an opportunity to present
mitigation evidence at any time during the proceedings. Although the trial court heard evidence
during the hearing on adjudication of guilt, the record does not indicate that appellant presented any
mitigation evidence at that time. Appellant’s sole point of error is sustained.
            The judgment of the trial court is reversed, and the cause is remanded for a hearing on
punishment.
 
                                                                                                TERRY McCALL
                                                                                                JUSTICE
 
May 26, 2005
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.