Affirmed and Memorandum Opinion filed April 19, 2007









Affirmed and Memorandum Opinion filed April 19, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01124-CR

____________

 

AHMED M. HAMMAD, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 





 

On Appeal from the 339th
District Court

Harris County, Texas

Trial Court Cause No. 958,237

 





 

M E M O R A N D U M    O P I N I O N

 

Appellant, Ahmed M. Hammad, was charged with burglary of a habitation. 
Appellant pleaded nolo contendere, without an agreed recommendation, and the
trial court deferred adjudication of guilt and placed him on community
supervision for four years.  The State moved to adjudicate appellant=s guilt based on
his failure to comply with the terms of his community supervision.  On
October 26, 2005, the trial court adjudicated appellant guilty and assessed
punishment at 20 years= confinement in the Texas Department of
Criminal Justice, Institutional Division.  In two points of error,
appellant claims  the trial court erred in failing to hold a separate
punishment hearing, thereby (1) denying him an opportunity to present
mitigating evidence in violation of Articles 37.07 and 42.12(5)(b) of the Texas
Code of Criminal Procedure and (2) denying his due process rights under the
Texas and United States Constitutions.[1] 
We affirm. 

At the adjudication hearing, both the State and appellant
called witnesses on the merits of the allegations of the State=s motion to
adjudicate guilt.  Appellant took the opportunity to cross-examine the
State=s witnesses. 
After the defense had rested and the prosecutor and defense counsel had
presented argument, the trial court found all allegations in the motion to adjudicate,
save one, to be true.  The trial court did not adjudicate appellant=s guilt at that
time, but, instead, asked counsel, AAre we ready to
proceed to disposition?@  Both the prosecutor and defense
counsel stated they were ready.  

At disposition, the State called three witnesses, two of
whom testified about how their lives had been affected by appellant=s actions. 
Appellant=s counsel cross-examined each of the State=s witnesses. 
After the State had rested, the trial court asked defense counsel, AIs there any
evidence in disposition from the Defense, Mr. Castillo?@  Defense
counsel responded, ANo, Your Honor.@  The
following day, both sides presented argumentCthe prosecutor urging
the maximum sentence and defense counsel reminding the trial court of the
conflicting testimony.  The trial court then found appellant guilty of
burglary of a habitation and assessed punishment at 20 year=s
confinement.  

 

Relying on Issa v. State,[2] appellant asserts he was
entitled to a separate hearing on punishment.  In Issa, the trial
court pronounced the defendant=s sentence immediately after adjudicating
him guilty without an opportunity to be heard on punishment.  Id. at 160.  The Issa court held, Awhen a trial court
finds that an accused has committed a violation as alleged by the State and
adjudicates a previously deferred finding of guilt, the court must then conduct
a second phase to determine punishment.@  Id.
at 161.  

The Texas Court of Criminal Appeals has clarified that AIssa does not stand
for the absolute right to a separate punishment hearing.  Instead, it
requires the defendant have the opportunity to present evidence in mitigation
of punishment if not afforded during adjudication.@  Hardeman
v. State, 1 S.W.3d 689, 690B91 (Tex. Crim. App. 1999); see also
Pearson v. State, 994 S.W.2d 176, 179 (Tex. Crim. App. 1999) (AAppellant had the opportunity
to present evidence during the proceedings.  That is all that is
required.@) (emphasis in original).  Moreover, A[i]t is material
that the opportunity to present evidence [comes] before the actual words of
adjudication.@  Pearson, 994 S.W.2d at 179.  

Appellant complains, as in Issa, the trial court
adjudicated his guilt and assessed punishment in one proclamation without
giving him an opportunity to object or present mitigation evidence. 
Appellant=s complaint is without merit.  Here, appellant
had the opportunity to present mitigating evidence when the trial court
conducted the Adisposition@ portion of the
adjudication hearing, but appellant declined to do so.  Appellant=s first and second
points of error are overruled.

Accordingly, the judgment of the trial court is affirmed. 

 

 

 

/s/     
J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed April 19, 2007.

Panel consists of
Justices Yates, Anderson, and Hudson.

Do Not Publish C Tex. R.
App. P. 47.2(b).














[1]  U.S. Const.
amends. 5 & 14; Tex. Const.
art. I, ' 19; Tex. Code
Crim. Proc. Ann. arts. 37.07 (Vernon 1996) & 42.12(5)(b) (Vernon 1996).





[2]  826 S.W.2d 159 (Tex. Crim. App. 1992).