IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-69,306-01






EX PARTE GABRIEL MARKEITH WILLIAMS








ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NUMBER F-03-40998-T 

IN THE 283RDJUDICIAL DISTRICT COURT

DALLAS COUNTY





 Per curiam. Holcomb, J., would grant.

 


O R D E R


 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for a writ of habeas
corpus. Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded
guilty and was given ten years' deferred adjudication on a charge of aggravated robbery with
a deadly weapon. After a period of deferred adjudication, Applicant was adjudicated guilty
and was sentenced to twenty years' imprisonment and a $1,000 fine.

 Applicant alleges his sentence is illegal because he was not given a separate
punishment hearing after the trial court found the adjudication allegations to be true. The
trial court recommended granting relief, stating that the reporter's record substantiated
Applicant's claim. A separate punishment hearing is not required as long as Applicant had
the opportunity to present mitigating punishment evidence at some point in the proceedings. 
Pearson v. State, 994 S.W.2d 176 (Tex. Crim. App. 1999). Applicant pleaded not true to the
allegations against him. The State brought three witnesses and Applicant's counsel
vigorously cross-examined all three. Applicant chose to rest without presenting any evidence
when he had the opportunity.

 The judge found the allegations true and immediately informed Applicant that he
would be imposing a sentence of twenty years' imprisonment. When asked whether he had
anything to say before the imposition of sentence, Applicant did not attempt to give any type
of mitigating statement, nor did he request an opportunity to present any evidence on his own
behalf.

 Applicant did not request an opportunity to present mitigating evidence, did not timely
object to the failure of the judge to hold a separate punishment hearing, and did not file any
post-trial motions on this issue until the instant habeas application, filed over a year after his
adjudication hearing.

 After a review of the record, we find that Applicant did not request a separate
punishment hearing after his adjudication and that he had an opportunity to present
mitigating evidence to the court during the general hearing. Therefore, we deny relief.

DELIVERED: May 7, 2008

DO NOT PUBLISH