NO. 07-09-0171-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 DECEMBER 10, 2010

 KEVIN CECIL MAEDA, APPELLANT

 v.

 THE STATE OF TEXAS, APPELLEE

 FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

 NO. 19,955-A; HONORABLE HAL MINER, JUDGE

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 MEMORANDUM OPINION

 Appellant, Kevin Cecil Maeda, was convicted by a jury of
possession of a controlled substance (methamphetamine) in an amount of
less than one gram[1] and sentenced to two years confinement in a
state jail facility. On appeal, he asserts the evidence was legally
and factually insufficient. We affirm.

 Background

 On August 20, 2008, a Randall County Grand Jury indicted
Appellant for intentionally and knowingly possessing a controlled
substance, methamphetamine, in an amount by aggregate weight,
including any adulterants and dilutants, of less than one gram.

 At trial, Deputy Marcus Woods of the Randall County Sheriff's
Office testified that, in the early morning hours of May 12, 2008, he
spotted Appellant and Jimmy Flores sitting in Appellant's pickup
parked at an Amarillo chipping site. When Deputy Woods approached
Appellant, he was overwhelmed by the odor of marijuana coming from
inside the pickup's cab. He observed Appellant's eyes were very red
and his speech was slurred. Deputy Woods asked Appellant if there was
anything illegal in the pickup. Appellant pulled the ashtray from the
dashboard, handed it to Deputy Woods through the driver's side window,
and told the Deputy he had marijuana.

 Deputy Woods asked Appellant to exit the pickup and, as he came
out, a glass pipe fell out of his lap onto the ground. Deputy Woods
identified the pipe as the type of pipe used to smoke
methamphetamine.[2] He handcuffed Appellant and searched his pockets
where he found a cigarette box containing regular cigarettes and a
rolled marijuana cigarette. He then placed Appellant in the backseat
of his patrol car. Deputy Levi Randall, a deputy-in-training who
accompanied Deputy Woods, searched Flores and found nothing illegal on
his person. Deputy Randall escorted Flores to the backseat of the
patrol car where the two men were advised of their Miranda rights.[3]

 During questioning, Appellant indicated there was more marijuana
in the pickup. After Deputy Woods removed Appellant from the patrol
car to assist him in locating the marijuana, Deputy Randall discovered
a crushed blue pill where Appellant had been sitting. When Deputy
Randall found the pill, Flores told him that they should be concerned
for Appellant's welfare. Appellant was subsequently taken to a
hospital where he was examined in the emergency room.

 When Deputy Woods searched Appellant's pickup, he found some
blue pills, later identified as Xanax, in an empty cigarette box on
the passenger's side of the pickup and marijuana in the glove
compartment. In the console, accessible to Appellant and Flores, he
discovered a plastic baggie containing what was later identified as
.04 gram of methamphetamine.[4] At the scene, neither Appellant nor
Flores would identify who owned the methamphetamine. Both men were
placed under arrest.

 Jimmy Flores, Appellant's best friend for fifteen years,
testified for the defense. He testified that Appellant operated a
landscaping business that specialized in tree trimming. He also
testified that Appellant owned the pickup they were sitting in at the
chipping site and normally drove the truck in connection with his
work. The day before the two men were arrested at the chipping site,
Flores testified they had driven from Amarillo to Pampa, Texas, with
four climbers and three grounds men where they completed three to four
jobs. Flores testified that Appellant drove his truck and his
employees shared two other trucks. He testified that he and Appellant
had smoked three or four marijuana cigarettes that day and Appellant
told him he had taken a Xanax pill. He did not see Appellant use any
methamphetamine.

 Flores testified that early the next morning he and Appellant
were at the Amarillo chipping site to drop off some limbs. They had
been smoking marijuana for about five minutes when the deputies
arrived. He testified the pickup they were sitting in had been driven
by four or five others the day before while they were working. He
also testified that the Xanax pills and methamphetamine were not his
drugs. He further denied ownership of the pipe which he testified was
used to smoke methamphetamine or crack cocaine. He opined that the
pipe was not suitable for smoking marijuana.

 At the conclusion of the testimony, Appellant was found guilty
by the jury of possessing less than one gram of methamphetamine and
sentenced to two years confinement. This appeal followed.

 Discussion

 As an initial consideration, we note that Appellant contends the
evidence is both legally and factually insufficient to establish that
he exercised care, custody and control of the methamphetamine in
question. After briefs were filed by both parties, the Court of
Criminal Appeals held that the only standard a reviewing court should
apply in determining whether the evidence in a criminal proceeding is
sufficient to support each element of the offense beyond a reasonable
doubt is the legal sufficiency standard set forth in Jackson v.
Virginia.[5] Brooks v. State, No. PD-0210-09, 2010 Tex. Crim. App.
LEXIS 1240, at *2 (Tex.Crim.App. Oct. 6, 2010).[6] Accordingly, we
need not address Appellant's challenge to the factual sufficiency of
the evidence.

 I. Standard of Review

 In assessing the sufficiency of the evidence to support a
criminal conviction under the standard enunciated in Jackson, this
Court considers all the evidence in a light most favorable to the
verdict and determines whether, based on that evidence and reasonable
inferences to be drawn therefrom, a rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.
Jackson v. Virginia, 443 U.S. 307, 319, 33 S.Ct. 2781, 61 L.Ed.2d 560
(1979). See also Brooks, 2010 Tex. Crim. App. LEXIS 1240, at *14.
When conducting such a review, this Court is required to defer to the
jury's role as the sole judge of credibility of the witness and the
weight to be given their testimony. Id. at *15. See Dewberry v.
State, 4 S.W.3d 735, 740 (Tex.Crim.App. 1999).

 Furthermore, to establish legal sufficiency, "[e]ach fact need
not point directly and independently to the guilt of the defendant, as
long as the cumulative force of the incriminating circumstances is
sufficient to support the conviction." Hooper v. State, 214 S.W.3d 9,
13 (Tex.Crim.App. 2007). If, however, a rational jury would
necessarily entertain a reasonable doubt as to the defendant's guilt
after considering all the evidence, due process requires that we
reverse and render a judgment of acquittal. Swearingen v. State, 101
S.W.3d 89, 95 (Tex.Crim.App. 2003) (citing Narvaiz v. State, 840
S.W.2d 415, 423 (Tex.Crim.App. 1992), cert. denied, 507 U.S. 975, 113
S.Ct. 1422, 122 L.Ed.2d 791 (1993)).

 II. Applicable Law

 To support the verdict rendered in this case, the State was
required to prove that Appellant knowingly possessed a controlled
substance, to-wit: methamphetamine, in an amount of less than one
gram. To prove possession, the State was required to show that
Appellant (1) exercised "actual care, custody, control, or management"
of the substance and (2) knew the matter possessed was contraband.
See § 481.115(b). See also Tex. Penal Code § 1.07(39) (West Supp.
2010); Poindexter v. State, 153 S.W.3d 402, 405-06 (Tex.Crim.App.
2005).

 Where, as here, the accused does not have actual possession of
the controlled substance or exclusive possession of the locale where
the controlled substance was found, it cannot be concluded or presumed
that the accused had possession over the contraband unless there are
independent facts or circumstances that tend to connect or link[7] the
accused to the knowing possession of the contraband. Poindexter, 153
S.W.3d at 406; Evans v. State, 202 S.W.3d 158, 161-62 (Tex.Crim.App.
2006).

 Numerous nonexclusive factors have been recognized as
contributing to an evaluation of whether an accused is linked to the
contraband. See Triplett v. State, 292 S.W.3d 205, 208 (Tex.App.--
Amarillo 2009, pet. ref'd). Those links include, but are not limited
to: (1) whether the contraband was in plain view or recovered from an
enclosed place; (2) whether the defendant was the owner of the
premises or had the right to possess or control the place where the
contraband was found; (3) whether the defendant was found in
possession of a large amount of cash; (4) whether the contraband was
conveniently accessible to the defendant; (5) whether the contraband
was found in close proximity to the defendant; (6) whether an odor of
contraband was present; (7) whether the defendant possessed other
contraband when arrested; (8) whether the defendant possessed
paraphernalia to use the contraband; (9) whether paraphernalia to use
the contraband was available to or in plain view of the defendant;
(10) whether the physical condition of the defendant indicated recent
consumption of the contraband in question; (11) whether conduct by the
defendant indicated a consciousness of guilt; (12) whether the
defendant made any incriminating statements when arrested; (13)
whether the defendant attempted to flee; (14) whether the defendant
made furtive gestures; (15) whether the defendant had a special
connection to the contraband; (16) whether the persons present gave
conflicting statements about relevant matters; (17) the quantity of
the contraband discovered; (18) whether the defendant was armed; (19)
whether the defendant was observed in a suspicious place under
suspicious circumstances; (20) whether the accused was familiar or had
previous experience with drugs; and, (21) whether any forensic
evidence (e.g., fingerprints, DNA, etc.) connects the defendant to the
contraband or its container. See Evans, 202 S.W.3d at 162 n.12. See
also Triplett, 292 S.W.3d at 209; Figueroa v. State, 250 S.W.3d 490,
500 (Tex.App.--Austin 2008, pet. ref’d), cert. denied, No. 08-7719,
2009 LEXIS 1276 (U.S. Tex. Feb. 23, 2009).

 There is no set formula that an appellate court can use to
determine if there are sufficient links to support an inference of
knowing possession of drugs. Taylor v. State, 106 S.W.3d 827, 831
(Tex.App.--Dallas 2003, no pet.). Each case must be examined
according to its own facts on a case-by-case basis; Roberson v. State,
80 S.W.3d 730, 736 (Tex.App.--Houston [1st Dist.] 2002, pet. ref'd),
and the number of links is not as important as the combined logical
force of all the evidence tending to link the accused to the
contraband. Evans, 202 S.W.3d at 162, 166.

 III. Analysis

 Viewing the evidence in a light most favorable to the verdict,
the evidence at trial showed that at least seven links listed above
were present. Appellant owned the pickup where the contraband was
found and had the right to possess or control its contents. He was
also present when the search was conducted, made incriminating
statements when arrested, had other contraband in his possession,
possessed drug paraphernalia, and had been using drugs when he was
approached by Deputy Woods. Further, the methamphetamine was found
inside the pickup's interior console which was conveniently accessible
to Appellant, and a pipe, identified by three witnesses as a type of
pipe used to smoke methamphetamine, fell from his lap as he exited the
pickup. Furthermore, Flores testified the pipe was not suitable for
smoking marijuana and denied ownership of the marijuana, Xanax pills,
methamphetamine, and pipe.

 This evidence sufficiently links Appellant to the
methamphetamine and establishes, to the requisite level of confidence,
that a rational trier of fact could have found the essential elements
of the crime beyond a reasonable doubt. Appellant's issue is
overruled.

 Conclusion

 The trial court’s judgment is affirmed.

 Patrick A. Pirtle
 Justice

Do not publish.
-----------------------
[1]See Tex. Health & Safety Code Ann. § 481.115(a), (b) (West 2010).
Throughout the remainder of this opinion, provisions of the Texas
Health and Safety Code will be cited as "section ____" and/or "§
____."

[2]Bruce Evans, a crime scene technician and lab analyst for the
Randall County Sheriff's Office, also testified that, based on his
experience, the pipe was of the type used to smoke methamphetamine.

[3]Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694
(1966).

[4]Roy Murphy, manager of the Texas Department of Safety Regional
Crime Laboratory, identified the various substances found in
Appellant's pickup and their respective weight.

[5]Jackson v. Virginia, 443 U.S. 307, 335 S.Ct. 2781, 61 L.Ed.2d 560
(1979).

[6]Judge Hervey delivered the Brooks opinion, joined by Judges Keller,
Keasler, and Cochran, and Judge Cochran delivered a concurring
opinion, joined by Judge Womack. Brooks, 2010 Tex. Crim. App. LEXIS
1240, at *1, *59. Although we are not bound by a decision of four
justices, Pearson v. State, 994 S.W.2d 176, 177 n.3 (Tex.Crim.App.
1999), we read the combined opinions of Judges Hervey and Cochran as
abandoning factual sufficiency as an evidentiary sufficiency standard
of review distinct from legal sufficiency.

[7]The Court of Criminal Appeals has recognized that the term
"affirmative" adds nothing to the plain meaning of "link" and now uses
only the word "link" to evaluate evidence of possession. Evans v.
State, 202 S.W.3d 158, 161 n.9 (Tex.Crim.App. 2006). A link is a fact
or circumstance which generates a reasonable inference that the
defendant knew of the contraband's existence and exercised control
over it. Lair v. State, 265 S.W.3d 580, 600 (Tex.App.--Houston [1st
Dist.] 2008, pet. ref'd). The evidence demonstrating such links may
be direct or circumstantial. Brown v. State, 911 S.W.2d 744, 747
(Tex.Crim.App. 1995).