NO. 07-09-0171-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

DECEMBER 10, 2010

_____

KEVIN CECIL MAEDA, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 19,955-A; HONORABLE HAL MINER, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Kevin Cecil Maeda, was convicted by a jury of possession of a controlled substance (methamphetamine) in an amount of less than one gram[1] and sentenced to two years confinement in a state jail facility. On appeal, he asserts the evidence was legally and factually insufficient. We affirm.

---

[1]*See* Tex. Health & Safety Code Ann. § 481.115(a), (b) (West 2010). Throughout the remainder of this opinion, provisions of the Texas Health and Safety Code will be cited as "section ____" and/or "§ ____."

## Background

On August 20, 2008, a Randall County Grand Jury indicted Appellant for intentionally and knowingly possessing a controlled substance, methamphetamine, in an amount by aggregate weight, including any adulterants and dilutants, of less than one gram.

At trial, Deputy Marcus Woods of the Randall County Sheriff's Office testified that, in the early morning hours of May 12, 2008, he spotted Appellant and Jimmy Flores sitting in Appellant's pickup parked at an Amarillo chipping site. When Deputy Woods approached Appellant, he was overwhelmed by the odor of marijuana coming from inside the pickup's cab. He observed Appellant's eyes were very red and his speech was slurred. Deputy Woods asked Appellant if there was anything illegal in the pickup. Appellant pulled the ashtray from the dashboard, handed it to Deputy Woods through the driver's side window, and told the Deputy he had marijuana.

Deputy Woods asked Appellant to exit the pickup and, as he came out, a glass pipe fell out of his lap onto the ground. Deputy Woods identified the pipe as the type of pipe used to smoke methamphetamine.[2] He handcuffed Appellant and searched his pockets where he found a cigarette box containing regular cigarettes and a rolled marijuana cigarette. He then placed Appellant in the backseat of his patrol car. Deputy Levi Randall, a deputy-in-training who accompanied Deputy Woods, searched Flores

---

[2]Bruce Evans, a crime scene technician and lab analyst for the Randall County Sheriff's Office, also testified that, based on his experience, the pipe was of the type used to smoke methamphetamine.

and found nothing illegal on his person. Deputy Randall escorted Flores to the backseat of the patrol car where the two men were advised of their *Miranda* rights.[3]

During questioning, Appellant indicated there was more marijuana in the pickup. After Deputy Woods removed Appellant from the patrol car to assist him in locating the marijuana, Deputy Randall discovered a crushed blue pill where Appellant had been sitting. When Deputy Randall found the pill, Flores told him that they should be concerned for Appellant's welfare. Appellant was subsequently taken to a hospital where he was examined in the emergency room.

When Deputy Woods searched Appellant's pickup, he found some blue pills, later identified as Xanax, in an empty cigarette box on the passenger's side of the pickup and marijuana in the glove compartment. In the console, accessible to Appellant and Flores, he discovered a plastic baggie containing what was later identified as .04 gram of methamphetamine.[4] At the scene, neither Appellant nor Flores would identify who owned the methamphetamine. Both men were placed under arrest.

Jimmy Flores, Appellant's best friend for fifteen years, testified for the defense. He testified that Appellant operated a landscaping business that specialized in tree trimming. He also testified that Appellant owned the pickup they were sitting in at the chipping site and normally drove the truck in connection with his work. The day before the two men were arrested at the chipping site, Flores testified they had driven from

---

[3] *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

[4] Roy Murphy, manager of the Texas Department of Safety Regional Crime Laboratory, identified the various substances found in Appellant's pickup and their respective weight.

Amarillo to Pampa, Texas, with four climbers and three grounds men where they completed three to four jobs. Flores testified that Appellant drove his truck and his employees shared two other trucks. He testified that he and Appellant had smoked three or four marijuana cigarettes that day and Appellant told him he had taken a Xanax pill. He did not see Appellant use any methamphetamine.

Flores testified that early the next morning he and Appellant were at the Amarillo chipping site to drop off some limbs. They had been smoking marijuana for about five minutes when the deputies arrived. He testified the pickup they were sitting in had been driven by four or five others the day before while they were working. He also testified that the Xanax pills and methamphetamine were not his drugs. He further denied ownership of the pipe which he testified was used to smoke methamphetamine or crack cocaine. He opined that the pipe was not suitable for smoking marijuana.

At the conclusion of the testimony, Appellant was found guilty by the jury of possessing less than one gram of methamphetamine and sentenced to two years confinement. This appeal followed.

**Discussion**

As an initial consideration, we note that Appellant contends the evidence is both legally and factually insufficient to establish that he exercised care, custody and control of the methamphetamine in question. After briefs were filed by both parties, the Court of Criminal Appeals held that the only standard a reviewing court should apply in determining whether the evidence in a criminal proceeding is sufficient to support each element of the offense beyond a reasonable doubt is the legal sufficiency standard set

forth in *Jackson v. Virginia*.[5]  *Brooks v. State*, No. PD-0210-09, 2010 Tex. Crim. App. LEXIS 1240, at *2 (Tex.Crim.App. Oct. 6, 2010).[6]  Accordingly, we need not address Appellant's challenge to the factual sufficiency of the evidence.

## I.    Standard of Review

In assessing the sufficiency of the evidence to support a criminal conviction under the standard enunciated in *Jackson*, this Court considers all the evidence in a light most favorable to the verdict and determines whether, based on that evidence and reasonable inferences to be drawn therefrom, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319, 33 S.Ct. 2781, 61 L.Ed.2d 560 (1979).  *See also Brooks,* 2010 Tex. Crim. App. LEXIS 1240, at *14.  When conducting such a review, this Court is required to defer to the jury's role as the sole judge of credibility of the witness and the weight to be given their testimony.  *Id.* at *15.  *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex.Crim.App. 1999).

Furthermore, to establish legal sufficiency, "[e]ach fact need not point directly and independently to the guilt of the defendant, as long as the cumulative force of the incriminating circumstances is sufficient to support the conviction." *Hooper v. State*, 214

---

[5]*Jackson v. Virginia,* 443 U.S. 307, 335 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

[6]Judge Hervey delivered the *Brooks* opinion, joined by Judges Keller, Keasler, and Cochran, and Judge Cochran delivered a concurring opinion, joined by Judge Womack.  *Brooks*, 2010 Tex. Crim. App. LEXIS 1240, at *1, *59.  Although we are not bound by a decision of four justices, *Pearson v. State*, 994 S.W.2d 176, 177 n.3 (Tex.Crim.App. 1999), we read the combined opinions of Judges Hervey and Cochran as abandoning factual sufficiency as an evidentiary sufficiency standard of review distinct from legal sufficiency.

S.W.3d 9, 13 (Tex.Crim.App. 2007). If, however, a rational jury would necessarily entertain a reasonable doubt as to the defendant's guilt after considering all the evidence, due process requires that we reverse and render a judgment of acquittal. *Swearingen v. State*, 101 S.W.3d 89, 95 (Tex.Crim.App. 2003) (citing *Narvaiz v. State*, 840 S.W.2d 415, 423 (Tex.Crim.App. 1992), *cert. denied*, 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993)).

## II.    Applicable Law

To support the verdict rendered in this case, the State was required to prove that Appellant knowingly possessed a controlled substance, to-wit: methamphetamine, in an amount of less than one gram. To prove *possession*, the State was required to show that Appellant (1) exercised "actual care, custody, control, or management" of the substance and (2) knew the matter possessed was contraband. *See* § 481.115(b). *See also* Tex. Penal Code § 1.07(39) (West Supp. 2010); *Poindexter v. State*, 153 S.W.3d 402, 405-06 (Tex.Crim.App. 2005).

Where, as here, the accused does not have actual possession of the controlled substance or exclusive possession of the locale where the controlled substance was found, it cannot be concluded or presumed that the accused had possession over the contraband unless there are independent facts or circumstances that tend to connect or link[7] the accused to the knowing possession of the contraband. *Poindexter*, 153 S.W.3d at 406; *Evans v. State*, 202 S.W.3d 158, 161-62 (Tex.Crim.App. 2006).

---

[7]The Court of Criminal Appeals has recognized that the term "affirmative" adds nothing to the plain meaning of "link" and now uses only the word "link" to evaluate evidence of possession. *Evans v. State*,

Numerous nonexclusive factors have been recognized as contributing to an evaluation of whether an accused is linked to the contraband. *See Triplett v. State*, 292 S.W.3d 205, 208 (Tex.App.--Amarillo 2009, pet. ref'd). Those links include, but are not limited to: (1) whether the contraband was in plain view or recovered from an enclosed place; (2) whether the defendant was the owner of the premises or had the right to possess or control the place where the contraband was found; (3) whether the defendant was found in possession of a large amount of cash; (4) whether the contraband was conveniently accessible to the defendant; (5) whether the contraband was found in close proximity to the defendant; (6) whether an odor of contraband was present; (7) whether the defendant possessed other contraband when arrested; (8) whether the defendant possessed paraphernalia to use the contraband; (9) whether paraphernalia to use the contraband was available to or in plain view of the defendant; (10) whether the physical condition of the defendant indicated recent consumption of the contraband in question; (11) whether conduct by the defendant indicated a consciousness of guilt; (12) whether the defendant made any incriminating statements when arrested; (13) whether the defendant attempted to flee; (14) whether the defendant made furtive gestures; (15) whether the defendant had a special connection to the contraband; (16) whether the persons present gave conflicting statements about relevant matters; (17) the quantity of the contraband discovered; (18) whether the defendant was armed; (19) whether the defendant was observed in a suspicious place

202 S.W.3d 158, 161 n.9 (Tex.Crim.App. 2006). A link is a fact or circumstance which generates a reasonable inference that the defendant knew of the contraband's existence and exercised control over it. *Lair v. State*, 265 S.W.3d 580, 600 (Tex.App.--Houston [1st Dist.] 2008, pet. ref'd). The evidence demonstrating such links may be direct or circumstantial. *Brown v. State*, 911 S.W.2d 744, 747 (Tex.Crim.App. 1995).

under suspicious circumstances; (20) whether the accused was familiar or had previous experience with drugs; and, (21) whether any forensic evidence (e.g., fingerprints, DNA, etc.) connects the defendant to the contraband or its container. *See Evans,* 202 S.W.3d at 162 n.12. *See also Triplett,* 292 S.W.3d at 209; *Figueroa v. State*, 250 S.W.3d 490, 500 (Tex.App.--Austin 2008, pet. ref'd), *cert. denied*, No. 08-7719, 2009 LEXIS 1276 (U.S. Tex. Feb. 23, 2009).

There is no set formula that an appellate court can use to determine if there are sufficient links to support an inference of knowing possession of drugs. *Taylor v. State*, 106 S.W.3d 827, 831 (Tex.App.--Dallas 2003, no pet.). Each case must be examined according to its own facts on a case-by-case basis; *Roberson v. State*, 80 S.W.3d 730, 736 (Tex.App.--Houston [1st Dist.] 2002, pet. ref'd), and the number of links is not as important as the combined logical force of all the evidence tending to link the accused to the contraband. *Evans,* 202 S.W.3d at 162, 166.

### III. Analysis

Viewing the evidence in a light most favorable to the verdict, the evidence at trial showed that at least seven links listed above were present. Appellant owned the pickup where the contraband was found and had the right to possess or control its contents. He was also present when the search was conducted, made incriminating statements when arrested, had other contraband in his possession, possessed drug paraphernalia, and had been using drugs when he was approached by Deputy Woods. Further, the methamphetamine was found inside the pickup's interior console which was conveniently accessible to Appellant, and a pipe, identified by three witnesses as a type

8

of pipe used to smoke methamphetamine, fell from his lap as he exited the pickup. Furthermore, Flores testified the pipe was not suitable for smoking marijuana and denied ownership of the marijuana, Xanax pills, methamphetamine, and pipe.

This evidence sufficiently links Appellant to the methamphetamine and establishes, to the requisite level of confidence, that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Appellant's issue is overruled.

**Conclusion**

The trial court's judgment is affirmed.


Patrick A. Pirtle
Justice


Do not publish.