NO. 07-09-0329-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL C

 

JANUARY 27, 2011

 

______________________________

 

 

ANTHONY PEREZ, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE 137TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2009-424,441; HONORABLE CECIL G. PURYEAR, JUDGE

 

_______________________________

 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

OPINION

Following a plea of not guilty,
Appellant, Anthony Perez, was convicted by a jury of possession of less than
one gram of cocaine, with intent to deliver, in a drug-free zone, enhanced by a
prior felony conviction for retaliation. 
The offense was a second
degree felony punishable by confinement for any term of not more than 20 years
or less than 2 years and a fine not to exceed $10,000.  Tex. Penal Code Ann. § 12.33
(West Supp. 2010).[1]  Appellant's punishment was assessed at twenty years confinement and a $10,000 fine.  Presenting two issues, Appellant maintains the
evidence is legally and factually insufficient to support the jury's finding
that he possessed, with intent to deliver, a controlled substance in a
drug-free zone, i.e., within 1,000 feet of any real property that was owned,
rented, or leased to a school or school board. 


Background Facts

On July 21, 2009, undercover
officers set up a buy at a local motel known for heavy narcotics traffic.  At approximately 1:00 p.m., Officer Michael
Chavez, a narcotics investigator in an undercover role, rode his bicycle to the
southeast parking lot of the motel and observed multiple subjects on the
southeast stairwell.  The officer made
contact with Appellant, who was standing on the stairwell landing.  In street language, the officer asked if
anyone had drugs and Appellant asked him what he needed.  Using street jargon, the officer asked for a
twenty dollar rock of crack.  He gave
Appellant two ten dollar bills, and Appellant and three other individuals left
the stairwell and proceeded toward the interior of the building to a hallway
area.  Appellant returned and placed a
single crack rock on the railing near where the officer's bicycle was
located.  The officer grabbed the rock,
put it in his shirt pocket, and left.  He
alerted other officers and a take-down team moved in and arrested Appellant.

Appellant contends the evidence is legally
and factually insufficient to prove the punishment enhancement for possession
with intent to deliver within "1,000 feet of any real property that is owned,
rented, or leased to a school . . . ."[2]  Specifically, he argues that the State failed
to introduce property records regarding ownership of Hodges Elementary
School.  

I.  Sufficiency Standard of Review

            The Texas Court of Criminal Appeals has recently held that the only
standard that a reviewing court should apply in determining whether the
evidence is sufficient to support each element of a criminal offense the State
is required to prove beyond a reasonable doubt is the standard set forth in Jackson
v. Virginia, 443
U.S. 307, 33 S.Ct. 2781, 61 L.Ed.2d 560 (1979).  See
Brooks v. State, 323 S.W.3d 893, 912 (Tex.Crim.App. 2010)[3]  Under
that standard, in assessing the sufficiency of the evidence to support a
criminal conviction, this Court considers all the evidence in the light most
favorable to the verdict and determines whether, based on that evidence and
reasonable inferences to be drawn therefrom, a rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  See
Jackson, 443 U.S. at 319; Brooks, 323 S.W.3d at 912.  We
measure the legal
sufficiency of the evidence by the elements of the offense as defined by a
hypothetically correct jury charge.  Malik v. State, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997).  In our review, we must evaluate all of the
evidence in the record, both direct and circumstantial, whether admissible or
inadmissible.  Dewberry v. State, 4 S.W.3d 735, 740 (Tex.Crim.App. 1999), cert.
denied, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000). 

II.  Applicable Law

As
indicted, the State was required to prove that Appellant possessed, with intent
to deliver, less than one gram of cocaine within 1,000 feet of a school,
specifically, Hodges Elementary School. 
Tex. Health & Safety Code Ann. § 481.134(d)(1)
(West 2010).[4]  The principles of Malik apply to the affirmative findings necessary to sustain the
imposition of an enhancement provision.  Young v. State, 14 S.W.3d
748, 750 (Tex.Crim.App. 2000).  The
State presented testimony from three witnesses to prove that Appellant sold
cocaine in a drug-free zone.  

III.  The Testimony and Evidence

            A.
 Skipper Wood

            Skipper Wood, a civil engineer with the City of Lubbock with eighteen
years experience, testified that in determining what constitutes a drug-free
zone, he utilizes a "straight line kind of thing," a geographic
information system that shows everything to scale on city computers, or Google,
"which is pretty accurate . . . ." 
He added that he uses whatever is necessary in making his
determination.  

            Wood was asked to determine if Appellant sold the cocaine
to Officer Chavez within 1,000 feet of Hodges Elementary School.  The specific location of the transaction was
verified as being the stairwell adjacent to Room 135 of the motel.  According to Wood, he began his measurement
at the property line for Hodges Elementary School and created a 1,000 foot arc
from that point.  He calculated that the
stairwell at the motel where the cocaine was sold was 950 feet from the
school's property line.

            B.
 Officer Michael Chavez

During
Officer Chavez's testimony, the State introduced Exhibit 4,[5]
a satellite photograph depicting the area where Officer Chavez had purchased
the cocaine and Hodges Elementary School. 
He testified to his opinion that based on his training and experience,
the location where the buy was made fell within a drug-free zone.

            C.
 Officer Rick Maldonado

            Officer Maldonado was a member of the take-down team
assigned to the undercover operation at the motel.  During direct examination, he affirmatively
responded when asked if he knew that the location of the transaction was a
drug-free zone.

III.  Analysis

Appellant urges
on appeal that none of the State's witnesses testified that the real property
on which Hodges Elementary School is located is "owned, rented, or leased
to a school or school board" as required by the plain language of § 481.134(d)(1).  Comparing the
elements of § 481.134(c) (which does not apply to offenses punishable under § 481.112(b)) with those of § 481.134(d) (which
specifically applies to offenses punishable under § 481.112(b)),[6]
Appellant asserts the Legislature intended to require proof of ownership as an
additional independent element in cases punishable under § 481.112(b).  He concludes that
proof of a defendant's physical distance from a particular "premises,"
without proof that the property is "owned, rented, or leased to a school
or school board," is insufficient to establish the "ownership"
element of § 481.134(d)(1).

In deciding
what hypothetically correct jury charge to apply in Young v. State, 14 S.W.3d at 751, the Texas Court of Criminal
Appeals reviewed the legislative history of § 481.134.  That section was amended twice in 1995.  Effective May 30, 1995, various enhancement
subsections were added and effective September 1, 1995, the Legislature
abandoned the former doubling of the minimum term of confinement scheme in
favor of an increased-grade approach already employed by several of the new
subsections.  See id. at 751-52.  The Court concluded that
because both amendments were enacted by the same session of the Legislature,
the amended subsections could be harmonized. 
Id. at 752.  Essentially, as they currently exist,
subsections (b), (d), (e), and (f) of § 481.134 are
enhancement provisions whereas subsection (b) sets a minimum term of
confinement without increasing the grade of the offense.  

While we do
not disagree with Appellant that the State did not present evidence of ownership
of Hodges Elementary School, the Court noted in Young v. State, that "the name of the premises alone may be
sufficient to raise a presumption that it is a private or public elementary or
secondary school."  14 S.W.3d at 754.  Additionally,
just as in Young, the State presented
a map created by a municipal engineer for the purpose of showing the location
and boundaries of the drug-free zone.  Id. 
At a minimum, the map is probative evidence of the drug-free zone
boundaries.  Id.

The
presumption created by Young,
together with the testimony summarized above and reasonable inferences drawn
therefrom, when viewed in the light most favorable to the verdict, was
sufficient to allow a rational jury to have found beyond a reasonable doubt that
Appellant committed the charged offense within 1,000 feet of real property
owned, rented, or leased to a school or school board.  Appellant's first issue is overruled and his
second issue is pretermitted by Brooks.  323
S.W.3d at 912.

Conclusion

Consequently,
the trial court's judgment is affirmed. 

 

                                                                                    Patrick A. Pirtle

                                                                                          Justice

 

 

Publish.

 











[1]Possession of less than one gram of cocaine, with intent to
deliver, is a state jail felony.  See Tex. Health and Safety Code Ann. §
481.112(b) (West 2010).  An offense
otherwise punishable as a state jail felony under § 481.112(b), committed in a
drug-free zone, is a felony of the third degree.  See Tex.
Health and Safety Code Ann. § 481.134(d)(1) (West
2010).  A third degree felony enhanced by
a prior felony conviction is punishable as a second degree felony.  See Tex.
Penal Code Ann. § 12.42(a)(3)  (West Supp. 2010).  

 





[2]Appellant does not challenge the sufficiency
of the evidence to prove that he possessed less than one gram of cocaine with
intent to deliver.

 





[3]Judge
Hervey delivered the opinion in Brooks,
joined by Judges Keller, Keasler, and Cochran; and,
Judge Cochran delivered a concurring opinion, joined by Judge Womack.  Although we are not bound by a decision of
four judges, Pearson v. State, 994
S.W.2d 176, 177 n.3 (Tex.Crim.App. 1999), we read the combined opinions of
Judges Hervey and Cochran in Brooks
as abandoning factual sufficiency as an evidentiary sufficiency standard of
review distinct from legal sufficiency.





[4]According to Tex. Health & Safety
Code Ann. § 481.134(a)(5) (West 2010), a school means a private or public
elementary or secondary school.  For
convenience, all future references to "§ __"
are references to the Texas Health & Safety Code Ann. (West 2010).





[5]Wood
testified that he created Exhibit 4 from an aerial photograph.

 





[6]§481.134(c) provides in
part, "[t]he minimum term of
confinement or imprisonment for an offense otherwise punishable under Section
481.112(c) . . . is increased by five years . . . if it is shown . . . that the
offense was committed: (1) in, on, or within 1,000 feet of the premises of a school . . . ."  As contrasted to § 481.134(d) which provides in part,
"[a]n offense otherwise punishable under Section 481.112(b) . . . is a
felony of the third degree if it is shown . . . that the offense was committed:
(1) in, on, or within 1,000 feet of any
real property that is owned, rented, or leased to a school or school board
. . . ."  (Emphasis added).