**Affirmed and Memorandum Opinion filed June 15, 2023.**



In The

# Fourteenth Court of Appeals

## NO. 14-22-00157-CR

**DANTE CRENSHAW, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1562438**

## MEMORANDUM OPINION

Following the revocation of his deferred-adjudication community supervision, the trial court adjudged appellant Dante Crenshaw guilty of the second-degree felony of aggravated assault with a deadly weapon, and assessed punishment at imprisonment for six years. *See* Tex. Penal Code Ann. §§ 22.02(a)(2), 12.33. In a single issue on appeal, appellant argues his sentencing hearing was procedurally deficient because he was denied a sentencing hearing and an opportunity to put on mitigation evidence after the trial court adjudicated his

guilt. Although there was not a separate punishment hearing, appellant did put on mitigation evidence at the revocation hearing. We therefore conclude that the trial court did not err and affirm the judgment of the trial court as challenged on appeal.

## I. BACKGROUND

As part of his 2018 plea agreement with the State, appellant was placed on community supervision for six years. Tex. Code Crim. Proc. Ann. art. 42A.053(a)(1). Appellant's community supervision was subject to a variety of conditions, including the prohibition against possession of a firearm.

In 2021, the State filed a motion to adjudicate appellant's guilt alleging that he had been charged with two counts of aggravated assault with a deadly weapon and one count of unlawfully carrying a weapon. *See* Tex. Penal Code Ann. §§ 22.02(a)(2), 46.02(a). The motion also included several other violations of conditions of appellant's community supervision including failure to pay various assessed fees and failure to attend certain required programs. Appellant pleaded not true to the State's allegations.

In 2022, the trial court held a hearing on the State's motion at which the State called six witnesses and appellant called three, including himself. Both counts of aggravated assault stem from an altercation at a tax-preparation agency. Appellant went with his fiancée to the tax-preparation agency to pick up her refund check. When the employees at the tax-preparation agency did not have her refund, a verbal altercation resulted. The employees of the tax-preparation agency allege that appellant was angry and threatened them with a gun that he retrieved from his vehicle. Appellant denied the charges. Although he acknowledged the situation got heated, appellant testified that he did not have a gun on him and never threatened the employees. The complaining witnesses were cross-examined about their criminal records, both of which included convictions for theft and/or fraud.

Several weeks after the tax-refund dispute, plainclothes peace officers arrested appellant for outstanding warrants while he was walking out of the leasing office at his apartment complex. They found a gun tucked into the waistband of his pants, which resulted in a charge for unlawfully carrying a weapon. Appellant offered mitigation evidence to counter this charge. He testified that the gun belonged to his brother and that his brother left the gun at his apartment during a family get together the day before. Appellant claimed he had just alerted his mother that the gun was in his apartment and expected his brother to come retrieve it. However, shortly after speaking with his mother, appellant realized his vehicle was missing so he went to the leasing office to make a report. He stated that he had forgotten the gun was in his waistband. He also offered an alternative mitigating explanation for his possession of the weapon on the basis he had been shot several months before and was concerned for his safety.

The trial court granted the State's motion and found that appellant violated the terms and conditions of his deferred adjudication:

> The Court is going to find that the defendant has violated his terms and conditions of his deferred, and the Court will adjudicate his guilt.
>
> And at this time the Court will hereby sentence the defendant to six years [in the] Texas Department of Criminal Justice, and he will get credit for any time he's already served.

Appellant filed an untimely motion for new trial challenging the trial court's sentencing and the lack of a punishment hearing. Although appellant also sought leave from the trial court to file his motion for new trial late, the trial court did not rule on either motion. Appellant's notice of appeal was timely filed before his motion for new trial.

3

## II. ANALYSIS

### A. Applicable law

A defendant is entitled to a hearing "limited to a determination by the court of whether the court will proceed with an adjudication of guilt on the original charge." Tex. Code Crim. Proc. Ann. art. 42A.108(b). The Code of Criminal Procedure further provides that "after an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal, continue as if the adjudication of guilt had not been deferred." Tex. Code Crim. Proc. Ann. art. 42A.110.

In *Issa v. State*, the court of criminal appeals held that:

> when a trial court finds that an accused has committed a violation as alleged by the State and adjudicates a previously deferred finding of guilt, the court must then conduct a second phase to determine punishment. As Art. 42.12, § 3d(b), V.A.C.C.P. (1988), provides, "[a]fter an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and defendant's appeal continue as if the adjudication of guilt had not been deferred." . . . Thus, based upon the statute, the defendant is entitled to a punishment hearing after the adjudication of guilt, and the trial judge must allow the accused the opportunity to present evidence. The trial court in the instant cause erred in not so doing.

*Issa v. State*, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992) (discussing former Code of Criminal Procedure article 42.12, section 3d(b), since repealed[1]). The court's holding was premised on the fact that the defendant was denied both the opportunity to present punishment evidence and the opportunity to object to the trial court's action until after that action was taken. *See Pearson v. State*, 994 S.W.2d 176, 178 (Tex. Crim. App. 1999).

---

[1] On appeal, appellant repeatedly refers to former article 42.12, which was repealed at the time of post-revocation adjudication proceeding.

However, as appellant acknowledges, if a defendant had the opportunity to present punishment evidence during the revocation proceedings, "[i]t is immaterial that the opportunity to present evidence came before the actual words of adjudication." *Id*. at 179. Therefore, all that is required is that the trial court allow the defendant "the *opportunity* to present evidence *during the proceedings*." *Id*. (emphasis in original). The court of criminal appeals has repeatedly reaffirmed that a trial court does not abuse it discretion in not holding a "separate punishment hearing" when the record reflects that the trial court did not prevent "appellant from presenting punishment evidence and that appellant did, in fact, present extensive punishment evidence." *Grammer v. State*, 294 S.W.3d 182, 192 (Tex. Crim. App. 2009); *see also Euler v. State*, 218 S.W.3d 88, 91 (Tex. Crim. App. 2007) (trial court did not err in refusing to postpone imposition of punishment because due process did not require trial court to "grant [a] request for *another hearing on another day* so that [defendant] could gather evidence and show that incarceration was not the appropriate punishment in his case") (emphasis in original).

## B.     Appellant was able to and did put on mitigation evidence

Appellant alleges the trial court prevented him from putting mitigating evidence into the record: "Mr. Crenshaw would have offered mitigating evidence at his punishment hearing. Counsel for Mr. Crenshaw would have offered argument on the import of these mitigating factors in the context of the overall punishment being considered by the trial court." Though appellant's argument suggests that he was prevented from offering any mitigation evidence, appellant was able to call three witnesses, including himself, at the hearing. Appellant then rested and offered closing arguments to the trial court. At no point during the hearing did appellant object or alert the court in any form that he was unable to put

in evidence all his desired mitigation evidence.

Appellant's evidence addressing the charge of unlawfully carrying a weapon was mitigation evidence. He offered evidence in the form of his testimony and his mother's testimony explaining that appellant's brother inadvertently left the gun at appellant's apartment and appellant was waiting for his brother to come and retrieve it. Appellant's mother testified that appellant's brother forgot to take the gun home with him.

The other mitigating evidence that appellant introduced was a second reason for his possession of a gun. Appellant testified that he had been shot several months before the incident at the tax-preparation agency and was concerned for his safety. The trial court allowed appellant to testify to the fact that he had previously been shot. The only testimony the trial court did not allow into evidence was appellant's testimony as to the number of times he had been shot. The evidence was excluded as not relevant. Even if the number of times appellant had been shot were relevant, that evidence was already in the record and before the court. One of the investigating officers testified that appellant explained to him that he was in possession of a gun on the day he was arrested "because he had been shot eight times prior." The officer that arrested appellant at his apartment complex testified that "he told me it was his brother's gun, but he was currently carrying it because he had been shot at in the past, and so he was carrying it [for] protection."

Appellant does not identify any other mitigating evidence or topics that he intended to introduce into evidence and was precluded from introducing.[2] Because there is nothing in the record indicating that the trial court prevented appellant

---

[2] Appellant made no offer proof at the hearing, nor did his motion for new trial identify or include any evidence that he wanted to introduce and was unable to introduce, other than the number of times that he had been shot.

from calling any additional witnesses or offering further evidence to dispute or mitigate the charges at issue, we overrule appellant's sole issue on appeal.

## III.  CONCLUSION

We affirm the trial court's judgment as challenged on appeal.

/s/    Charles A. Spain
Justice

Panel consists of Chief Justice Christopher and Justices Jewell and Spain.

Do Not Publish — Tex. R. App. P. 47.2(b).