NO. 07-10-0315-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

OCTOBER 17, 2011

_____

MORTY V. WALKER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-418161; HONORABLE BRADLEY S. UNDERWOOD, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

On January 15, 2009, pursuant to a plea agreement, Appellant, Morty V. Walker, was granted ten years deferred adjudication for failure to comply with sex offender registration requirements under article 62.102 of the Texas Code of Criminal Procedure.[1] On November 3, 2009, the State moved to proceed with an adjudication of

---

[1]Tex. Code Crim. Proc. Ann. art. 62.102(a) (West 2006).

guilt based on several violations by Appellant of the conditions of his community supervision. At the hearing on the State's motion, Appellant entered a plea of not true to the allegations contained in the motion. After hearing testimony, the trial court found that Appellant had violated the conditions of community supervision, found the two enhancement allegations contained in the indictment to be true, and sentenced him to twenty-five years. By a sole point, Appellant alleges a violation of article 42.12, section 5(b) of the Texas Code of Criminal Procedure as a result of the trial court's failure to conduct a separate punishment hearing. We modify the judgment and affirm as modified.

### Background Facts

The facts flowing from Appellant's guilty plea are minimal. Appellant was originally convicted of sexual assault of a child under the age of fifteen in the early 1990s. After serving his sentence, in 2007, he was charged with failure to register as a sex offender and in 2009, was granted deferred adjudication for that offense. At the hearing on the State's motion to proceed later in 2009, Appellant testified in his own behalf, admitted to violating the conditions of his community supervision, took responsibility for his actions and asked the trial court for another chance. He also called two witnesses in his defense who testified favorably about his work ethic and intelligence.

After both sides closed, the trial court announced:

So your probation is revoked. The Court finds that you're guilty of the offense of failure to register as a sex offender as shown in the indictment,

2

enhancement allegations are both true pursuant to your plea of guilty back on January 15th of 2009.

After announcing the twenty-five year sentence, the trial court asked, "[i]s there any reason sentence should not be pronounced today? Trial counsel responded, "[n]o legal reason, Your Honor."

**Analysis**

Relying on *Pearson v. State*, 994 S.W.2d 176 (Tex.Crim.App. 1999), and *Issa v. State*, 826 S.W.2d 159 (Tex.Crim.App. 1992), Appellant argues he had a statutory right to a separate punishment hearing following revocation of his deferred adjudication community supervision. While we do agree that Appellant was entitled to a separate punishment hearing, we do not agree with his position that the failure to provide that hearing was reversible error.

Generally, when a defendant waives a jury trial and enters a guilty plea to a non-capital offense, the proceedings become a unitary trial. *Barfield v. State*, 63 S.W.3d 446, 449-51 (Tex.Crim.App. 2001). In adjudication of guilt proceedings, the assessment of punishment normally falls on the heels of a finding of guilt.[2]

The right to a separate punishment hearing is a statutory right that can be waived. *See Vidaurri v. State*, 49 S.W.3d 880, 886 (Tex.Crim.App. 2001). To avoid

---

[2]"After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, . . . continue as if the adjudication of guilt had not been deferred. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2010).

forfeiture of that right, a defendant must complain at trial or in a motion for new trial. *Id.*[3] No motion for new trial was filed in the underlying proceeding following Appellant's adjudication of guilt. Additionally, the record reflects that Appellant was given an opportunity to object or present punishment evidence when counsel was asked by the trial court if he knew of any reason why sentence should not be pronounced. *See Hardeman v. State*, 1 S.W.3d 689, 690 (Tex.Crim.App. 1999). Failure to bring the complaint to the trial court's attention waived any error. *See id. See also* Tex. R. App. P. 33.1(a).

Furthermore, assuming *arguendo* that Appellant preserved his complaint, as explained in *Pearson*, it is immaterial that the presentation of mitigating evidence comes before the actual words of adjudication. 994 S.W.2d at 179. In *Pearson*, the defendant had the opportunity, albeit during the adjudication phase, to present evidence and testify in his own behalf. "That is all that is required." *Id.*

In the underlying proceeding, Appellant had the opportunity to present mitigating evidence through two witnesses and his own testimony. One of his witnesses testified favorably about his intelligence and willingness to work hard and described him as having a "good heart." A second witness testified that she hired Appellant to be a sign walker for national retail liquidations. When liquidations slowed down, Appellant found construction work and eventually became employed at Texas Roadhouse restaurant. She pleaded with the court for Appellant to be given another chance.

---

[3]*Issa* is distinguishable because the defendant had neither the opportunity to present punishment evidence nor the opportunity to object because the trial judge immediately left the bench after adjudicating guilt and sentencing the defendant in one proclamation. 826 S.W.2d at 161. The Court determined that under the circumstances, error was preserved by the timely filing of a motion for new trial complaining of the trial court's action. *Id.*

4

During his testimony, Appellant took responsibility for his poor choices and failure to take advantage of opportunities. He also admitted that his struggle with crack cocaine for twenty-five years led to a dysfunctional life. However, he felt he had "redeemable qualities." He believed that if given another chance, he could comply with the conditions of community supervision with intensive treatment and monitoring. Notwithstanding Appellant's failure to preserve error on the trial court's failure to conduct a separate punishment hearing, he was afforded a full opportunity to and did present mitigating evidence during the adjudication phase. That is all that was required under *Pearson*. 994 S.W.2d at 179. Consequently, we find no error and overrule Appellant's sole contention.

## Attorney's fees

We also note an issue not raised by Appellant regarding the assessment of attorney's fees.[4] The written judgment reflects the assessment of $1,912.72 for court costs of which $1,698.78 is for court-appointed attorney's fees. In order to assess attorney's fees as court costs, a trial court must determine that the defendant has financial resources that enable him to offset in part or in whole the costs of legal services provided. Tex. Code Crim. Proc. Ann. art. 26.05(g) (West 2009). The clerk's record reflects the trial court found Appellant indigent and appointed counsel to represent him in this appeal. Unless a material change in his financial resources occurs, once a criminal defendant has been found to be indigent, he is presumed to

---

[4]Courts of appeals may review unassigned error in criminal cases, particularly where the record discloses error that should be addressed in the interest of justice. *Hammock v. State,* 211 S.W.3d 874, 878 (Tex.App.--Texarkana 2006, no pet.). Where, as here, the error appears on the face of the judgment and does not involve the merits of the criminal trial, but instead solely addresses the clerical correctness of the judgment, we find that the interest of justice dictate that we address the issue.

remain indigent for the remainder of the proceedings. Tex. Code Crim. Proc. Ann. art. 26.04(p) (West Supp. 2010). Furthermore, the record must reflect some factual basis to support the determination that the defendant is capable of paying attorney's fees. *Barrera v. State,* 291 S.W.3d 515, 518 (Tex.App.--Amarillo 2009, no pet.); *Perez v. State,* 280 S.W.3d 886, 887 (Tex.App.--Amarillo 2009, no pet.).

Here, there is evidence of record demonstrating that immediately following rendition of judgment Appellant was indigent and qualified for court-appointed counsel; thus, we presume his financial status has not changed. Therefore, we conclude the assessment of court-appointed attorney's fees was improper. *See Mayer v. State,* 309 S.W.3d 552, 555-56 (Tex.Crim.App. 2010). No trial objection is required to challenge the sufficiency of the evidence regarding the defendant's ability to pay. *Id.* When the evidence does not support payment of court-appointed attorney's fees, the proper remedy is to delete those fees from the judgment or order. *See id.* at 557. *See also Anderson v. State,* No. 03-09-00630-CR, 2010 Tex.App. LEXIS 5033, at *9 (Tex.App.--Austin July 1, 2010, no pet.) (not designated for publication) (modifying judgment to delete attorney's fees). Accordingly, we modify the judgment so as to delete any obligation to pay $1,698.78 in court-appointed attorney's fees.

## Conclusion

As modified, the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

6