**AFFIRM; and Opinion Filed December 11, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00087-CR

### AARON ANTHONY BROICH, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-80646-2012**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Lewis
Opinion by Justice Lewis

Aaron Anthony Broich appeals from the adjudication of his guilt for injury to a child. The trial court assessed punishment at thirty years' imprisonment. In three issues, appellant contends the trial court abused its discretion by finding two of the allegations true in the State's motion to adjudicate and sentencing appellant to thirty years in prison, and the trial court committed reversible error by sentencing appellant without having a separate punishment hearing. We affirm the trial court's judgment.

Appellant waived a jury and pleaded guilty to injury to a child. *See* TEX. PENAL CODE ANN. § 22.04(a) (West Supp. 2013). Pursuant to a plea agreement, the trial court deferred

adjudicating guilt and placed appellant on ten years' community supervision. The State later moved to adjudicate guilt, alleging appellant violated nine conditions of community supervision, as follows: appellant committed offenses of aggravated sexual assault of L.C. on (1) May 25, 2012, (2) May 26, 2012, (3) May 27, 2012, and (4) May 28, 2012; (5) appellant failed to pay court costs; (6) appellant failed to pay the supervision fee; (7) appellant failed to reimburse Collin County for the costs of urinalysis testing; (8) appellant had direct communication and contact with L.C. and her family; and (9) appellant failed to pay the cost of substance abuse evaluation. Appellant testified at the adjudication hearing that he was to have no contact with L.C., but he ignored that condition and had sex with L.C. while he was on community supervision. The State also presented evidence regarding the remaining allegations. The trial court found paragraphs two, four, five, six, seven, eight, and nine true, adjudicated appellant guilty, and assessed punishment at thirty years' imprisonment.

In his first issue, appellant contends the trial court abused its discretion by finding allegations two and four in the motion to adjudicate to be true. The State responds that the trial court did not abuse its discretion in adjudicating appellant's guilt because it found seven of the nine allegations in the motion to adjudicate to be true.

Appellate review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). An order revoking community supervision must be supported by a preponderance of the evidence, meaning the greater weight of the credible evidence that would create a reasonable belief that the defendant has violated a condition of probation. *Id*. at 763–64. A finding of a single violation of community supervision is sufficient to support revocation. *See Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980). Thus, in order to

prevail on appeal, appellant must successfully challenge all the findings that support the revocation order. *See Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. [Panel Op.] 1978).

The motion to adjudicate alleged appellant violated his community supervision by committing four new offenses of aggravated sexual assault of a child, by failing to pay court costs, the supervision fee, and a urinalysis fee. The trial court found seven of the nine allegations true. Appellant challenges the trial court's finding of true as to only two allegations. Because appellant does not challenge the trial court's finding of true on the remaining allegations and proof of one violation is sufficient, we conclude the trial court did not abuse its discretion in revoking appellant's community supervision and adjudicating his guilt. *See Sanchez*, 603 S.W.2d at 871. We overrule appellant's first issue.

In his second issue, appellant contends the trial court abused its discretion by sentencing him to thirty years in prison, rather than continuing his community supervision, because the sentence violates the objectives of the penal code. Appellant asserts he was never provided the tools to assist him in complying with a condition of community supervision requiring him to not have contact with a person who continually pursued him. The State responds that appellant has not preserved this issue for appellate review and alternatively, the sentence was neither cruel or unusual or disproportionate to the offense.

Appellant did not complain about the sentence either at the time it was imposed or in a motion for new trial. *See* TEX. R. APP. P. 33.1(a)(1); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.). Thus, appellant has not preserved this issue for appellate review.

Moreover, punishment that is assessed within the statutory range for an offense is neither excessive nor unconstitutionally cruel or unusual. *Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd); *see also Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Injury to a child is a first-degree felony offense punishable by imprisonment for five to ninety-nine years or life and an optional fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. §§ 12.32 (West 2011), 22.04(e). The trial court heard evidence that while on community supervision appellant committed additional first-degree felony offenses of aggravated sexual assault of a child, as well as violating other conditions of his supervision. We conclude the trial court did not abuse its discretion by sentencing appellant to thirty years' imprisonment. We overrule appellant's second issue.

In his third issue, appellant contends the trial court erred by sentencing him without having a separate punishment hearing. Appellant asserts he was not given an opportunity to present any mitigating evidence prior to sentencing. The State responds that appellant has not preserved his complaint for appellant review because he did not object or file a motion for new trial.

Appellant was entitled to a punishment hearing after the adjudication of his guilt. *See Vidaurri v. State*, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001). However, appellant's right to a separate punishment hearing is a statutory right that can be waived. *See id.* at 886. Appellant did not complain about the lack of a separate punishment hearing either at the time he was adjudicated guilty or in a motion for new trial. *See* TEX. R. APP. P. 33.1(a)(1); *Castaneda*, 135 S.W.3d at 723. Thus, appellant has not preserved this issue for appellate review.

Moreover, the record clearly reflects the trial court did not prevent appellant from presenting punishment evidence and that appellant did, in fact, present such evidence. *See Hardeman v.*

*State*, 1 S.W.3d 689, 691 (Tex. Crim. App. 1999) (all that is required is that defendant have opportunity to present evidence during adjudication proceedings; "it is immaterial that the presentation of this evidence occurred before the actual words of adjudication"); *Pearson v. State*, 994 S.W.2d 176, 179 (Tex. Crim. App. 1999) (defendant not improperly sentenced at adjudication hearing because he had opportunity to and did present punishment evidence).

We conclude the trial court did not err in not conducting a separate punishment hearing after adjudicating appellant's guilt. We overrule appellant's third issue.

We affirm the trial court's judgment.

/David Lewis/

DAVID LEWIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130087F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

AARON ANTHONY BROICH,
Appellant

No. 05-13-00087-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 296th Judicial District
Court of Collin County, Texas (Tr.Ct.No.
296-80646-2012).
Opinion delivered by Justice Lewis,
Justices Francis and Lang-Miers
participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered December 11, 2013.

/David Lewis/

DAVID LEWIS
JUSTICE